1 | STEVEN BRIAN DAVIS, ESQ., SBN 86163
LAW OFFICES OF STEVEN BRIAN DAVIS
2 | Foremost Professional Plaza
12396 World Trade Drive, Suite 115
3 | San Diego, CA 92128

4

5 | 858-451-1004 Telephone
858-451-1005 Facsimile
sbdesq@pacbell.net E-mail
6

Attorney for Plaintiff,
7 | **SCOTT CASSELL**

FILED
2008 JUN 23 PM 3:24
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SCOTT CASSELL, | ) | Case No.: 08 CV 964 H NLS |
| Plaintiff, | ) | **NOTICE OF MOTION AND MOTION FOR REMAND OF ACTION TO STATE COURT** |
| vs. | ) | |
| SURVIVAL SYSTEMS USA, INC., a Connecticut Corporation, and Does 1 - 20, Inclusive, | ) | Date: 07/21/2008
Time: 10:30 a.m.
Dept: 13
Judge: Hon. Marilyn L. Huff |
| Defendants. | ) | |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**NOTICE IS HEREBY GIVEN**, that on July 21, 2008, at 10:30 a.m., or as soon thereafter as the matter may be heard, in department 13 of the above-entitled Court, located at 940 Front Street, San Diego, CA 92101, plaintiff, Scott Cassell, will, and hereby does, move for an order dismissing and remanding this case to the California Superior Court, County of San Diego, North County Branch, from whence it was removed, and for plaintiff's costs and expense, including attorney fees, incurred as a result of the removal, pursuant to 28 U.S.C. Sections 1447(c) and 1445(c).

The motion will be made upon the grounds that plaintiff's suit arises under the California workmen's compensation laws, specifically, California Labor Code Section 3706, and as such is

1  made expressly nonremovable under 28 U.S.C. 1445 ( c).

2      The motion will be based on this Notice of Motion and Motion, the Memorandum of

3  Points and Authorities, the Declaration of Steven Brian Davis, all concurrently served and filed

4  herewith, the records and pleading herein and on such other and further evidence and argument

5  as may be presented at the hearing of this motion.

6  Dated: June 23, 2008

7                                            */s/ Steven Brian Davis*

8                                            **STEVEN BRIAN DAVIS**
                                          Attorney for Plaintiff,
                                          **SCOTT CASSELL**

STEVEN BRIAN DAVIS, ESQ., SBN 86163
LAW OFFICES OF STEVEN BRIAN DAVIS
Foremost Professional Plaza
12396 World Trade Drive, Suite 115
San Diego, CA 92128

858-451-1004 Telephone
858-451-1005 Facsimile
sbdesq@pacbell.net E-mail

Attorney for Respondent,
**SCOTT JOEY CASSELL**

FILED

2008 JUN 23  PM 3: 24

SOUTHERN DISTRICT OF COURT
CALIFORNIA

BY _____ KMK _____ DEPUTY

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT CASSELL, DIEGO,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>SURVIVAL SYSTEMS USA,<br>INC., a Connecticutt Corporation,<br>and Does 1 - 20, Inclusive,<br><br>　　　　Defendants. | Case No.: 08 CV 964 H NLS<br><br>**DECLARATION OF STEVEN BRIAN DAVIS IN SUPPORT OF MOTION TO REMAND CASE**<br><br>Hearing Date: 04/24/08<br>Time: 9:00 a.m.<br>Dept.: 42 |

I, Steven Brian Davis, hereby declare that if called upon to testify, I could and would competently testify, on personal knowledge, and as indicated upon my information and belief, in the particulars hereinafter set forth:

1. I am duly licensed to practice law before the Courts of California, have practiced law in the County of San Diego for 29 years, and I represent plaintiff, Scott Cassell, in this matter. My usual and customary hourly rate is $275.00 .

2. On receipt of defendant's Notice of Removal, I commenced research and determined

---

**DECLARATION OF STEVEN BRIAN DAVIS IN SUPPORT OF REMAND MOTION**

U.S.D.C.S.D. NO. 08 CV 964 H NLS

1

1    that dismissal, remand and a request for attorneys fees and costs was indicated.

2         3. The time spent generating the motion papers, estimated time to be spent on this matter,

3    and estimated costs total $4,675.00, which is specified below:

| | |
|---|---|
| Research and Preparation of Points and Authorities | 6.00 |
| Preparation of Notice of Motion and Motion | .25 |
| Preparation of Declaration | .50 |
| Estimated Review of Opposition Papers and Preparation Of Reply Papers | 5.00 |
| Estimated Preparation for Hearing on Motion | .75 |
| Estimated Appearance at Hearing to Argue Motoin (Including Commute Time) | 4.00 |
| Sub-Total | 16.50 |
| Sub-Total | $ 4,537.50 |
| Rushing Filing/Service | $   125.00 |
| Estimated Copy Expense (@.$.25 per copy) | $     12.50 |
| TOTAL ACTUAL & ESTIMATED COSTS | $ 4,675.00 |

17        4. I have yet to complete my investigation and research on defendant's pending motion for dismissal and transfer of this cause, and as such have not itemized the attorney fees and costs incurred or to be incurred thereon. I am informed and believe and thereon assert that the dismissal and transfer motion is based on the (erroneous) removal of this action in the first place and as such is in pertinent part flawed, such that plaintiff's attorney fees and costs to defeat said motions rightfully ought to be awarded relative to plaintiff being subjected to the herein removal. Accordingly, this declaration is made without prejudice to assert such greater costs and attorney fees incurred or expended by plaintiff for such sums reasonably and additionally incurred in the eventual defeat of defendant's pending dismissal and removal request.

---

**DECLARATION OF STEVEN BRIAN DAVIS IN SUPPORT OF REMAND MOTION**

U.S.D.C.S.D. NO. 08 CV 964 H NLS

2

1  I declare under penalty of perjury that the foregoing is true and correct according to the
2  laws of the State of California,
3  Executed on June 23, 2008 at San Diego, CA.

*[signature]*
STEVEN BRIAN DAVIS

---

DECLARATION OF STEVEN BRIAN DAVIS IN SUPPORT OF REMAND MOTION

U.S.D.C.S.D. NO. 08 CV 964 H NLS

3

Law Office of
**STEVEN BRIAN DAVIS**
State Bar No.: 86163
12396 World Trade Drive
Suite 115
San Diego, CA 92128-3787
sbdesq@pacbell.net

(858) 451-1004 Telephone
(858) 451-1005 Facsimile

Attorney for Plaintiff,
**SCOTT CASSELL**

FILED
2008 JUN 23 PM 3:24

BY _____KNH_____ DEPUTY

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT CASSELL, <br><br> Plaintiff, <br><br> vs. <br><br> SURVIVAL SYSTEMS USA, INC., a Connecticut Corporation and DOES 1-20, Inclusive, <br><br> Defendants. | Case No.: '08 CV 964 H NLS <br><br> **PROOF OF PERSONAL SERVICE** |

I am over the age of 18 and not a party to this action.

I served the following documents as listed in the attached List of Documents Served.

I delivered such documents by hand to the offices of the addressee:

Name:     Jeffrey D. Lewin, Esq.
Address:  550 West C Street, Suite 1500, San Diego, CA 92101
Date:     June 23, 2008
Time:     3:00pm

I declare under penalty of perjury under the laws of the State of California, that the above is true and correct.

Executed on June 23, 2008 at San Diego, California.

_Michael S-_____

RE: CASSELL vs. SURVIVAL SYSTEMS USA, INC.
Case No.: 08 CV 964 H NLS

## LIST OF DOCUMENTS SERVED

1. NOTICE OF MOTION AND MOTION FOR REMAND OF ACTION TO STATE COURT

2. PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR REMAND

3. DECLARATION OF STEVEN BRIAN DAVIS IN SUPPORT OF MOTION TO REMAND CASE

1  **STEVEN BRIAN DAVIS, ESQ.**, SBN 86163
   LAW OFFICES OF STEVEN BRIAN DAVIS
2  Foremost Professional Plaza
   12396 World Trade Drive, Suite 115
3  San Diego, CA 92128

4
   858-451-1004 Telephone
5  858-451-1005 Facsimile
   sbdesq@pacbell.net E-mail
6
   Attorney for Plaintiff,
7  **SCOTT CASSELL**

8
                    UNITED STATES DISTRICT COURT
9
                   SOUTHERN DISTRICT OF CALIFORNIA
10

11  SCOTT CASSELL,                    )   Case No.: 08 CV 964 H NLS
                                      )
12          Plaintiff,                )   **PLAINTIFF'S MEMORANDUM OF POINTS
                                      )   AND AUTHORITIES IN SUPPORT OF
13      vs.                           )   MOTION FOR REMAND**
                                      )
14  SURVIVAL SYSTEMS USA,             )   Date: 07/21/2008
    INC., a Connecticut Corporation,  )   Time: 10:30 a.m.
15  and Does 1 - 20, Inclusive,       )   Dept: 13
                                      )   Judge: Hon. Marilyn L. Huff
16          Defendants.               )
                                      )
17  _____)

18      Plaintiff, Scott Cassell, hereby submits his memorandum of points and authorities in

19  support of his motion for dismissal and remand of his civil suit to the state court from whence it

20  was removed, and for an award of costs, including attorney fees.

21                              **I. INTRODUCTION**

22      Plaintiff filed suit on May 15, 2008 alleging <u>one</u> count, a personal injury claim against his

23  uninsured employer under California Labor Code Section 3706 (complaint para. 5).

24  Notwithstanding, the case was removed to this court on May 30, 2008. Pursuant to 28 U.S.C.

25  1445( c), cases arising under the state workmen's compensation are expressly nonremovable.

26  This motion is timely brought under 28 U.S.C. 1447( c), i.e., within 30 days of the removal, to

27  remand the case back to the court from whence it was removed, and for an order for plaintiff's

28  _____

costs and expense, including attorney fees, incurred as a result of the removal.

## II. REMAND MOTION AUTHORIZED AND TIMELY

28 U.S.C. 1447( c), recites, pertinent part,

"A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case."

Plaintiff's motion is brought within 30 days following the removal and therefore is timely. The relief for remand and an order for the herein requested attorney fees and costs is expressly authorized under Section 1447( c).

## III. PLAINTIFF'S SUIT EXPRESSLY NONREMOVABLE BY 28 U.S.C. 1445( C) AS IT "ARISES UNDER CALIFORNIA WORKMEN'S COMPENSATION LAW"

28 U.S.C. 1445( c) states the following:

"Nonremovable actions. . . ( c) **A civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States.** " (Emphasis added).

As demonstrated below, plaintiff's suit clearly arises under California workmen's compensation laws and because it is not removable, the herein requested dismissal and remand is required.

Plaintiff's suit sounds in <u>one</u> count, a personal injury claim brought against his employer, defendant, Survival Systems USA, Inc., who failed to have worker compensation insurance. It is not a common law injury claim. Instead, it is specifically brought under the California Labor Code:

"5. Pursuant to California Labor Code Section 3700, and plaintiff's employment with defendant, defendant was required to secure payment of workers' compensation benefits, which obligation plaintiff is informed and believes and thereon alleges that defendant violated. Plaintiff is bringing this action at law in accordance with California Labor Code Section 3706 on account of defendants' failure to secure workers' compensation insurance as required by law." (Complaint page 2, para. 5/lines 12-16).

The claim is defined and authorized under California Labor Code Section 3706, to wit,:

> "If any employer fails to secure the payment of compensation, any injured employee or his dependents may bring an action at law against such employer for damages, as if this division did not apply.

Further defining the incidents of plaintiff's suit under California's workmen's compensation laws, California Labor Code 3708 aids plaintiff with a presumption of negligence as against Survival Systems, and neither contributory negligence nor assumption of the risk may be asserted as a defense against plaintiff:

> "In such action it is presumed that the injury to the employee was a direct result and grew out of the negligence of the employer, and the burden of proof is upon the employer, to rebut the presumption of negligence. It is not a defense to the employer that the employee was guilty of contributory negligence, or assumed the risk of the hazard complained of, or that the injury was caused by the negligence of a fellow servant. No contract or regulation shall restore to the employer any of the foregoing defenses."

In addition, California law, Labor Code Section 3709, further differentiates the plaintiff's statutory claim from that of a common law action by expressly permitting plaintiff to recover attorney fees against Surviving Systems:

> If, as a result of such action for damages, a judgment is obtained against the employer. . . (s)uch judgment shall include a reasonable attorney's fee fixed by the court."

California specifically recognizes that the injury claim for all damages proximately caused against an uninsured employer is not a common law claim but a specified statutory claim, and as such, the two year statute of limitations for personal injury claims under is inapplicable (California Code of Civil Procedure Section 335.1), and the three year limitation period for claims founded upon statute is required (California Code of Civil Procedure Section 338(a)). Valdez vs. Himmelfarb (2006) 144 Cal.App.4th 1261:

> "(In) an action brought under Labor Code Section 3706, an employer's liability is determined under rules of pleading and proof which differ significantly from those of a common law personal injury action. For that reason we conclude section 3706 creates a statutory cause of action for personal injuries subject to the three year statute of limitations." Valdez, supra at 1268.

---
PLAINTIFF'S P&As IN SUPPORT OF REMAND MOTION
U.S.D.C.S.D. NO. 08 CV 964 H NLS
3

Acknowledgment of plaintiff's claim as a statutory cause of action, namely, "arising under the California worker compensation laws," is <u>Hall vs. Copco Pacific Ltd</u>. (9th Cir.1955) 224 Fed.2d 884, 886, which specifically ruled that an injury claim under California Labor Code Section 3706 against his uninsured employer is and was a liability created by statute. As revealed from <u>Valdez</u>, supra, plaintiff's action is part of the California worker compensation scheme which derives from the California Constitution:

> "The strong public policy for employers to compensate their injured employees is reflected in our state constitution which vests the Legislature with "plenary power ... to create and enforce a complete system of workers' compensation ... and in that behalf to create and enforce liability on the part of any or all persons to compensate any or all of their workers for injury or disability ... sustained by the said workers in the course of their employment . . . all of which matters are expressly declared to be the social public policy of this State FN7. California Constitution, Article 14, Section 4."
>
> "In carrying out this public policy the Legislature has directed the workers' compensation laws "shall be liberally construed by the courts with the purpose of extending their benefits for the protection of persons injured in the course of their employment." (Citation). . . the Legislature has made an exception to the rule favoring workers' compensation over civil litigation when the employer is illegally uninsured." <u>Valdez</u>, supra at 1268, 1269.

28 U.S.C. 1445( c) was applied to require dismissal and remand with respect to a subrogation action under California Labor Code Section 3852 by an employer against a manufacturer for reimbursement of worker compensation benefits paid to an employee injured by a defective product of the manufacturer in <u>Zurich American Ins. Co. v. General Motors Corp</u>. (2003 E.D.Cal.) 242 F.Supp.2d 736.

Relying on <u>Vasquez vs. North County Transit District</u> (9th Cir.2002) 292 Fed.3rd 1049, <u>Zurich</u>, at page 739 applied the three criteria employed by the Ninth Circuit to determine whether a civil action in any State, "arises under the workmen's compensation laws of such State," within the meaning of 28 U.S.C. 1445( c):

First, Congress was concerned with preserving the plaintiff's forum choice in worker's compensation cases. "The nonremovability provision of § 1445© simply protects the plaintiff, and nonconsenting defendants, from having the plaintiff's choice of a state-forum

disturbed." Vasquez, at 1061. In contrast to Zurich, plaintiff herein is the injured employee which promotes the Congressional intent that plaintiff employee's rights are adjudicated in the court of his choice where the suit was originally filed.

Second, "the statute reflects a congressional concern for the states' interest in administering their own workers' compensation schemes." *Id.* at 1061 n. 6. As in Zurich, even though the U.S. District Court can interpret the scope of plaintiff's claim under California law, Congress has expressed a preference that they not do so in cases originally brought in state court under state worker's compensation laws.

Third, "Congress was concerned that 'in a number of states the workload of the Federal courts has greatly increased because of the removal of workmen's compensation cases from the State courts to the Federal courts.' " *Id.* at 1061 n. 6 (quoting S.Rep. No. 1830 (1958)). Again as in Zurich, denial of a plaintiff's motion to remand this case would not support the Congressional policy of conserving federal judicial resources. Instead, all worker's compensation claims would presumably become subject to federal jurisdiction.

As with Zurich,

". . . all three of the Congressional policies embodied in 28 U.S.C. 1445( c) as explained in Vasquez, support the application of the statute in this case. The concerns animating the statute evince a general policy of strictly limiting diversity jurisdiction in cases involving state worker's compensation law; for this reason, courts have generally read the statute quite broadly. *See, e.g.,* Jones, 931 F.2d at 1092 ("Because Congress intended that all cases arising under a state's workers' compensation scheme remain in state court, we believe that we should read section 1445© broadly to further that purpose.")."

That said, both the plain meaning and the legislative history of 28 U.S.C. 1445( c) require divesture of subject matter jurisdiction herein and remand.

### IV. AWARD OF PLAINTIFF'S COST, INCLUDING ATTORNEY FEES, WARRANTED HERE

28 U.S.C. 1447( c) permits the Court to award plaintiff his costs, including attorney fees, herein. As revealed from the above, defendant's removal of this case borders on frivolous, assuming arguendo such might not otherwise be the case, in the defendant's failure to apparently

review 28 U.S.C. 1445( c) before seeking removal in the first place, particularly given the broad interpretation to the aforesaid statute in favor of <u>limiting</u> removal, the specific nature of plaintiff's claim and the defendant's utter failure to apprise the Court of the explicit nature of plaintiff's suit revealed from paragraph 5 thereof.

    Accordingly, it is respectfully submitted that this Court should exercise its discretion and award plaintiff his costs including attorney fee incurred as the result of defendant's removal of this action in the sum of $4,675.00 as more particularly recited in the declaration of Steven Brian Davis filed and served herewith.

Dated:  June 23, 2008

_____
**STEVEN BRIAN DAVIS**
Attorney for Plaintiff,
**SCOTT CASSELL**