1 | SULLIVAN, HILL, LEWIN, REZ & ENGEL
A Professional Law Corporation
2 | Jeffrey D. Lewin, SBN 68202
Cynthia A. Fissel, SBN 164153
3 | 550 West "C" Street, Suite 1500
San Diego, California 92101
4 | Telephone: (619) 233-4100
Fax Number: (619) 231-4372
5
Attorneys for Defendant Survival Systems USA, Inc.
6

7

8 | UNITED STATES DISTRICT COURT

9 | SOUTHERN DISTRICT OF CALIFORNIA

10 | | Case No. 08 CV 964 H NLS
SCOTT CASSELL,
11 | | **MEMORANDUM OF POINTS &**
**AUTHORITIES IN SUPPORT OF**
12 | Plaintiff, | **SURVIVAL SYSTEMS USA, INC.'S**
**OPPOSITION TO PLAINTIFF'S**
13 | v. | **MOTION FOR REMAND OF**
**ACTION TO STATE COURT**
14 | SURVIVAL SYSTEMS USA, INC., a
Connecticut Corporation and DOES 1 - 20,
15 | Inclusive, | Date:    July 21, 2008
Time:    10:30 a.m.
16 | Defendants. | Dept.:    13
Judge:    Hon. Marilyn L. Huff
17

18

19 | Defendant Survival Systems USA, Inc. ("SSUSA") respectfully submits this memorandum of

20 | points and authorities in support of its opposition to Plaintiff Scott Cassell's ("Plaintiff") motion to

21 | remand this action to state court.

22 | **I.**

23 | **INTRODUCTION**

24 | There is no dispute that this court has jurisdiction under the diversity statutes. Plaintiff does

25 | not dispute that he is a citizen of California or that SSUSA is a citizen of Connecticut. Plaintiff also

26 | does not dispute that the amount in controversy exceeds the statutory minimum for diversity

27 | jurisdiction. The parties' only disagreement, and the subject of this motion, is whether Plaintiff's

28 | ::ODMA\PCDOCS\PCDOCS\285718\1                           1                  Case No. 08 CV 964 H NLS.

1  action arises under California workers' compensation law. Plaintiff contends that it does, and

2  accordingly, removal was improper under 28 U.S.C. § 1445(c). Plaintiff is wrong.

3       Plaintiff's motion must be denied because his action does not arise under California workers'

4  compensation law. To the contrary, Plaintiff's action is a garden variety personal injury claim in

5  which the parties happen to be an individual and his former employer. In fact, the action is expressly

6  *excluded* by statute from the purview of California's workers' compensation scheme. The resolution

7  of Plaintiff's personal injury action will not require interpretation or application of California

8  workers' compensation law. The substantive claim that Plaintiff asserts exists separate and apart

9  from the workers' compensation law. Indeed, California law is wholly inapplicable to this action.

10  Plaintiff is contractually bound to resolve all disputes with SSUSA under Connecticut law and, at the

11  election of SSUSA, in federal court in the District of Connecticut.

12       Because this action was properly removed, Plaintiff's motion to remand must be denied.

13  **II.**

14  **STATEMENT OF FACTS**

15       SSUSA, based in Groton, Connecticut, is a relatively small company which specializes in

16  aviation and marine safety and survival training. SSUSA instructs pilots, aircrew and passengers in

17  water survival, aircraft ditching emergency and escape procedures, as well as rescue and sea survival

18  techniques. In addition to its facility in Connecticut, SSUSA provides on-site training to clients in

19  California, Hawaii, North Carolina, Alabama and Okinawa, Japan. In order to manage the risks

20  associated with operating its business, SSUSA requires that its personnel, employees, independent

21  contractors and consultants sign an employment agreement and agree to resolve disputes or claims

22  relating to their work for SSUSA in Connecticut courts and pursuant to Connecticut law. *See*

23  Declaration of Maria C. Hanna in Support of SSUSA's Motion to Dismiss or Transfer Venue, ¶¶ 2-3

24  ("Hanna Decl."), which is attached as Exhibit "1" to the Declaration of Cynthia A. Fissel and

25  incorporated herein by reference.

26       From October 2002 to May 2007, SSUSA employed Plaintiff as an instructor of over-water

27  crash survival at Camp Pendleton, California. The terms and conditions of Plaintiff's at-will

28  ::ODMA\PCDOCS\PCDOCS\285718\1       2       Case No. 08 CV 964 H NLS.

1  employment with SSUSA are set forth in an employment agreement, which contains the following

2  provisions for venue and choice of law:

> 11.4  <u>Governing Law</u>. This Agreement shall become effective only upon acceptance
> by the Company at the Company's principal place of business. This Agreement shall
> be construed by and construed in accordance with the laws of the State of Connecticut
> and without reference to principles or conflicts of law thereof. Employee agrees to,
> and hereby does submit to, jurisdiction before any state or federal court of record in
> the State of Connecticut, or in the state or county in which any violation may occur, at
> the Employer's election.

7  Plaintiff's job involved working with dive tanks, air compressors, dive equipment, storage lockers

8  and sheds and other equipment used by SSUSA personnel to train marines at a pool in Camp

9  Pendleton. Plaintiff needed to move, retrieve and lift various pieces of such equipment in order to

10 prepare for the training sessions. Plaintiff had performed these functions daily, without incident, for

11 approximately two and a half years. Hanna Decl. ¶¶ 4 and 6 and Exhibit "1."

12       On May 15, 2008, Plaintiff commenced a personal injury action against SSUSA in the

13 Superior Court for the State of California for the County of San Diego. Plaintiff claims that on May

14 23, 2005, he was seriously injured while retrieving and lifting twin diving tanks while on the job at

15 Camp Pendleton due to SSUSA's negligence. He seeks standard personal injury damages:  medical

16 expenses, lost income and earning capacity, loss of enjoyment of life, and incidental out of pocket

17 expenses. Plaintiff brings his personal injury action "in accordance with California Labor Code

18 Section 3706 on account of defendants' failure to secure workers' compensation insurance as

19 required by law." Complaint at 2:15-16. He also seeks statutory attorneys' fees.

20       On May 30, 2008, SSUSA removed the case to this court on the basis that the amount in

21 controversy exceeds $75,000, exclusive of costs and interest, and complete diversity of citizenship

22 exists.

23       On June 17, 2008, SSUSA filed a motion to dismiss or transfer venue on the ground that,

24 pursuant to the employment agreement's forum selection and choice of law provisions, SSUSA is

25 entitled to have this case heard in the District of Connecticut, in accordance with the laws of the

26 State of Connecticut.

27

28 ::ODMA\PCDOCS\PCDOCS\285718\1                 3                 Case No. 08 CV 964 H NLS.

## III.

## ARGUMENT

**A.    28 U.S.C. § 1445(c) is No Bar to Removal Because Plaintiff's Personal Injury Action Does Not Arise Under California Workers' Compensation Law.**

Pursuant to 28 U.S.C. §§ 1332 and 1441, a civil action between citizens of different states with an amount in controversy exceeding $75,000, exclusive of interest and costs, may be removed from state court to district court. 28 U.S.C. § 1445(c) provides a limited exception to removal for "a civil action in any State court *arising under* the workmen's compensation laws of such State." 28 U.S.C. § 1445(c) (emphasis added).

Accordingly, a case "arising under" California's workers' compensation laws cannot be removed to this court. The question presented by Plaintiff's motion is whether his personal injury claim against SSUSA "arises under" California's workers' compensation law within the meaning of 28 U.S.C. § 1445(c). Plaintiff essentially argues that because his complaint refers to Labor Code § 3706, which permits an injured employee to bring an action at law for damages against an uninsured employer, his claim arises under California's workers' compensation law. (Motion at 2:20-3:3).

Plaintiff's superficial analysis should be rejected. The placement of § 3706 within the Workers' Compensation and Insurance Division of the Labor Code does not answer the relevant question. *See Jones v. Roadway Express*, 931 F.2d 1086, 1092 (5th Cir. 1991) ("[W]hether a state has codified a statute as part of its workers' compensation chapter does not determine whether a claim filed under that statute is one 'arising under the workers' compensation laws' for the purpose of section 1445(c)."); *Hummel v. Kamehameha Schools/Bernice Pauahi Bishop Estate*, 749 F. Supp. 1023, 1027 (D. Hawaii 1990) (mere fact that statute has or has not been codified in workers' compensation chapter not determinative of whether claim filed under it is one "arising under the workers' compensation laws" for purposes of 28 U.S.C. § 1445(c)).

The language of Labor Code § 3706, the plain meaning of 28 U.S.C. § 1445(c) and various judicial interpretations thereof strongly suggest that Plaintiff's action does not arise under

1  California's workers' compensation law, but is merely a standard tort claim sounding in personal

2  injury.

3      Although the Ninth Circuit provides no specific guidance on whether a civil action arises

4  under workers' compensation laws for the purpose of § 1445(c), other courts of appeals have found

5  that "arising under" in § 1445(c) has the same meaning as "arising under" in 28 U.S.C. § 1331,

6  which governs federal question jurisdiction. *Reed v. Heil Co.*, 206 F.3d 1055, 1059 (11th Cir. 2000);

7  *Humphrey v. Sequentia, Inc.*, 58 F.3d 1238, 1245 (8th Cir. 1995); *Jones v. Roadway Express, Inc.*,

8  931 F.2d 1086, 1092 (5th Cir. 1991). A claim arises under a federal law for purposes of § 1331 only

9  if it involves a determination "respecting the validity, construction or effect of such a law," and the

10  result of the action depends on that determination. *Virgin v. County of San Luis Obispo*, 201 F.3d

11  1141, 1143 (9th Cir. 2000) (quoting *Shulthis v. McDougal*, 225 U.S. 561, 569-70 (1912)). It follows

12  that for § 1445(c), a claim will arise under California's workers' compensation laws only if it is

13  necessary to interpret those laws to resolve the claim.

14      The Eighth Circuit's formulation of the following test to determine whether § 1445(c) applies

15  is also instructive:

16      Under the plain meaning of the statute, where a state legislature enacts a provision
        within its workers' compensation laws and ***creates a specific right of action***, a civil

17      action brought to enforce that right of action is, by definition, a civil action arising
        under the workers' compensation laws of that state and therefore § 1445(c) applies. . .;

18

19  *Humphrey, supra,* 58 F.3d at 1246 (emphasis added). *See also Harper v. AutoAlliance Intern., Inc.*,

20  392 F.3d 195, 203 (6th Cir. 2004) ("Civil action 'arises under' a state workmen's compensation law,

21  making it nonremovable, when either (1) workmen's compensation law created cause of action or (2)

22  plaintiff's right to relief necessarily depends on resolution of substantial question of workmen's

23  compensation law".).

24      *Humphrey's* reasoning was adopted by the district court in *Zurich American Insurance Co.*

25  *v. General Motors Corp.*, 242 F. Supp. 2d 736, 737-38 (E.D. Cal. 2003), which found that an

26  insurer's subrogation action under California Labor Code § 3852 was nonremovable under §

27  1445(c). The court reasoned that § 3852 "create[d] a cause of action for subrogation with respect to

28  ::ODMA\PCDOCS\PCDOCS\285718\1                    5                    Case No. 08 CV 964 H NLS.
    MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF SURVIVAL SYSTEMS USA, INC.'S
    OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND OF ACTION TO STATE COURT

1  worker's compensation benefits that *would not otherwise be available at common law.*" *Id.*

2  (emphasis added). *See Fifield Manor v. Finston*, 54 Cal. 2d 632 (1960) (under California law, cause

3  of action for subrogation available only where legislature expressly provides that right).  A cause of

4  action is "created" by statute if liability would not exist but for the statute.  In other words, but for

5  the workers' compensation law, no substantive cause of action for subrogation would have existed.

6  *See, e.g., Gonzales v. City of Mesa*, 779 F. Supp. 1050, 1052-53 (D. Ariz. 1991) (noting that

7  retaliatory discharge cases "arise under" workers' compensation laws only when substantive right to

8  be free from retaliatory discharge was statutorily created).  In contrast, where a suit is brought under

9  a general tort theory founded in common law, there is no statutory bar to removal.  *See, e.g., Arthur*

10  *v. E.I. Dupont de Nemours & Co.*, 58 F.3d 121, 125 (4th Cir. 1995) (West Virginia law creating

11  deliberate intention exception to employer's immunity from common law tort actions arose under

12  common law, not under workers' compensation statutory scheme).

13       Accordingly, the relevant tests to determine whether a claim "arises under" California

14  workers' compensation law for purposes of 28 U.S.C. § 1445(c) are (1) whether resolution depends

15  on a determination of validity or construction of such law and (2) whether the cause of action

16  already existed in common law, or was created by the workers' compensation laws.  Application of

17  either test compels the conclusion that Plaintiff's claim does not "arise under" California workers'

18  compensation law.

19       No determination under the workers' compensation laws is necessary to decide Plaintiff's

20  personal injury claim.  Plaintiff's personal injury claim will not require application or interpretation

21  of California's workers' compensation law.  Section 3706 provides:

22       If any employer fails to secure the payment of compensation, any injured employee or
      his dependents may bring an action at law against such employer for damages, *as if*

23       *this division did not apply.*

24  Labor Code § 3706 (emphasis added).  Thus, § 3706 specifically *excludes* Plaintiff's tort claim from

25  the statutory scheme otherwise applicable to employees' injury claims and permits him to file a civil

26  action without regard to or need for application of the regular workers' compensation scheme.

27  Moreover, resolution of Plaintiff's personal injury claim will not require the application of *any*

28  ::ODMA\PCDOCS\PCDOCS\285718\1                6                      Case No. 08 CV 964 H NLS.

1  California law. Because Plaintiff is contractually bound to resolve all disputes with SSUSA under

2  Connecticut law, California law is wholly inapplicable to this action.

3    Moreover, California law specifically recognizes that a workers' compensation claim and a

4  civil action under § 3706 do *not* involve the same primary right:

5    The primary purpose of workers' compensation laws is to provide employees the
     certainty of medical benefits and compensation for work-related injuries by
6    eliminating the need to prove negligence and abolishing the common law defenses of
     contributory negligence, assumption of the risk and fault of a fellow employee. In
7    return, employers are immunized from liability in civil actions for damages . . .'The
     right to workers' compensation benefits is wholly statutory and is not derived from
8    common law. . . .

9    In contrast, section 3706, which "is one of the principal exceptions to the Act's
     exclusive remedy rule," authorizes an injured employee to pursue *ordinary tort*
10   *claims* in the superior court against an employer who does not carry insurance or has
     not otherwise secured the payment of compensation. . . . If the injured employee can
11   show there is no coverage, he or she is entitled to *the full range of relief generally*
     *available in personal injury actions if the injury was the result of the employer's*
12   *negligence*.

13  *Le Parc Community Ass'n v. Workers' Compensation Appeals Board*, 110 Cal. App. 4th 1161, 1171-

14  72 (2003) (citations omitted, emphasis added). Clearly, the ordinary tort claims that plaintiff is

15  allowed to pursue under § 3706 were not created by the workers' compensation statutes. They are

16  substantively no different from personal injury claims that have long been recognized in common

17  law. Stated another way, § 3706 is simply a procedural mechanism that allows Plaintiff's claim to

18  be heard as a civil action; it creates no new substantive rights that inure to Plaintiff.

19    The cases cited by Plaintiff for the proposition that his personal injury claim arises under

20  California's workers' compensation law are inapposite. *Valdez v. Himmelfarb*, 144 Cal. App. 4th

21  1261 (2006) and *Hall v. Copco Pacific, Ltd.*, 224 F.2d 884 (9th Cir. 1955), are both statutes of

22  limitations cases. Neither considers whether a personal injury claim authorized by § 3706 "arises

23  under" California workers' compensation law for purposes of 28 U.S.C. § 1445(c). Neither case

24  suggests that § 3706 bestows an employee with a substantively different cause of action than he

25  would have had under common law. Both cases recognize that the differences between the common

26  law and statutory causes of action for personal injury are evidentiary and consider that the statute

27

28  ::ODMA\PCDOCS\PCDOCS\285718\1          7          Case No. 08 CV 964 H NLS.

1    essentially imposes a penalty the employer. *Valdez*, 144 Cal. App. 4th at 1269-70; *Hall*, 224. F.2d at

2    885-86.

3         Plaintiff's reliance on *Vasquez v. North County Transit District*, 292 F.3d 1049 (9th Cir.

4    2002) is also misplaced. *Vasquez* did not involve §3706, and did not even decide whether the claim

5    at issue actually arose under California's workers' compensation laws. Finally, this court need not

6    be concerned that policy concerns underlying 28 U.S.C. § 1445(c) -- a congressional concern for the

7    states' interest in administering their own workers' compensation schemes and a concern that

8    workers' compensation claims had increased the workload of the federal courts -- favor remand.

9    *Vasquez*, 292 F.3d at 1061. These policy rationales are not implicated by the removal of an action

10   such as this one in which the claim stated is based upon general tort law principles such as

11   negligence and personal injury theories. Because the federal court hearing Plaintiff's personal injury

12   claim will not be required to construe or enforce California workers' compensation laws, there is no

13   policy-based reason to remand this case.

14   **B.    An Award of Fees is Inappropriate Because SSUSA Had a Reasonable Basis for**

15        **Removal.**

16        Removal was proper and SSUSA properly availed itself of this court's jurisdiction.

17   However, even if removal had been improper, Plaintiff's request for an award of fees and costs

18   should be rejected. Plaintiff's characterization of SSUSA's removal of this case as "frivolous" and

19   his argument that SSUSA's alleged failure to apprise the court of the explicit nature of his claim

20   warrants an award of fees (Motion at 5:25-6:4) are both without merit. As demonstrated above,

21   there is ample legal authority to distinguish Plaintiff's personal injury action from a non-removable

22   claim which "arises under" California's workers' compensation law. Moreover, SSUSA's removal

23   papers contained all the necessary information, including attaching a copy of Plaintiff's complaint,

24   in which the content of Plaintiff's claim is evident.

25        Plaintiff cites no cases discussing the legal standard for an award of attorneys' fees under 28

26   U.S.C. 1447(c). In 2005, the Supreme Court resolved a split in the circuits, instructing that

27   attorney's fees in removal cases are not to be awarded as a matter of course. Instead, the Supreme

28   ::ODMA\PCDOCS\PCDOCS\285718\1                    8                    Case No. 08 CV 964 H NLS.

MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF SURVIVAL SYSTEMS USA, INC.'S
OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND OF ACTION TO STATE COURT

1  Court held that: "absent unusual circumstances, attorneys' fees should not be awarded when the

2  removing party has an objectively reasonable basis for removal." *Martin v. Franklin Capital Corp.*,

3  546 U.S. 132, 136 (2005); *see also Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1254 (9th Cir.

4  2006) (overturning award of fees and costs) (citing *Martin*).

5      SSUSA had an objectively reasonable basis for removal because this was a civil action

6  between citizens of different states and the amount in controversy exceeded the statutory minimum.

7  Moreover, there was a reasonable basis to believe that 28 U.S.C. § 1445(c) did not apply because

8  Plaintiff's personal injury action was not created by, does not require a determination of, or "arise

9  under" California's workers' compensation law.  Indeed, Labor Code 3706 specifically *deletes*

10  Plaintiff's personal injury claim from the purview of the statutory scheme of California workers'

11  compensation law.  In addition, SSUSA's removal of this action was reasonable because Plaintiff

12  contractually agreed that all disputes would be resolved in accordance with Connecticut law and, at

13  the election of SSUSA, in federal court.

14      Plaintiff's request for fees and costs should be denied because SSUSA had an objectively

15  reasonable basis for removal.

16                                    **IV.**

17                              **CONCLUSION**

18      Removal was proper in this civil action because Plaintiff and SSUSA are citizens of different

19  states and the amount in controversy exceeds $75,000 exclusive of interest and costs.  28 U.S.C. §

20  1445(c) is no bar to removal because the action did not arise under California's workers'

21  compensation law.

22      For all the foregoing reasons, Plaintiff's motion to remand should be denied in its entirety.

23  Dated:      July 7, 2008          SULLIVAN, HILL, LEWIN, REZ & ENGEL
                                      A Professional Law Corporation
24
25                                    By:    /s/ Cynthia A. Fissel
                                             Jeffrey D. Lewin
26                                           Cynthia A. Fissel
                                             Attorneys for Defendant Survival Systems USA, Inc.
27                                           E-mail: *fissel@shlaw.com*

MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF SURVIVAL SYSTEMS USA, INC.'S
OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND OF ACTION TO STATE COURT

1  SULLIVAN, HILL, LEWIN, REZ & ENGEL
   A Professional Law Corporation
2  Jeffrey D. Lewin, SBN 68202
   Cynthia A. Fissel, SBN 164153
3  550 West "C" Street, Suite 1500
   San Diego, California 92101
4  Telephone: (619) 233-4100
   Fax Number: (619) 231-4372
5
   Attorneys for Defendant Survival Systems USA, Inc.
6

7

8                  UNITED STATES DISTRICT COURT

9                 SOUTHERN DISTRICT OF CALIFORNIA

10                                    )   Case No. 08 CV 964 H NLS
    SCOTT CASSELL,                     )
11                                     )   **DECLARATION OF CYNTHIA A.**
                                       )   **FISSEL IN SUPPORT OF**
12              Plaintiff,             )   **SURVIVAL SYSTEMS USA, INC.'S**
                                       )   **OPPOSITION TO PLAINTIFF'S**
13  v.                                 )   **MOTION FOR REMAND OF**
                                       )   **ACTION TO STATE COURT**
14  SURVIVAL SYSTEMS USA, INC., a      )
    Connecticut Corporation and DOES 1 - 20, )
15  Inclusive,                         )   Date:     July 21, 2008
                                       )   Time:     10:30 a.m.
16              Defendants.            )   Dept.:    13
                                       )   Judge:    Hon. Marilyn L. Huff
17  _____

18

19        I, Cynthia A. Fissel, declare as follows:

20        1.      I am an attorney duly admitted to practice law in the courts of the State of California

21  and I am of counsel to the law firm of Sullivan, Hill, Lewin, Rez & Engel, attorneys of record for

22  Defendant Survival Systems USA, Inc. ("SSUSA"). I have personal knowledge of the facts stated in

23  this declaration. If called as a witness, I would be competent to testify to the following facts.

24        2.      Attached hereto as Exhibit "1" is a true and correct copy of the Declaration of Maria

25  C. Hanna, dated June 17, 2008, filed in support of SSUSA's motion to dismiss or transfer venue to

26  / / /

27  / / /

28  ::ODMA\PCDOCS\PCDOCS\286018\1              1                    Case No. 08 CV 964 H NLS.
    DECLARATION OF CYNTHIA A. FISSEL IN SUPPORT OF SURVIVAL SYSTEMS USA, INC.'S OPPOSITION TO
    PLAINTIFF'S MOTION FOR REMAND OF ACTION TO STATE COURT

1  the District of Connecticut.

2      I declare under penalty of perjury under the laws of the United States and the State of

3  California that the foregoing is true and correct and that this declaration was executed in San Diego,

4  California on July 7, 2008.

5

6                                   *s/Cynthia A. Fissel*

7                                   Cynthia A. Fissel
                                 E-Mail: *fissel@shlaw.com*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF CYNTHIA A. FISSEL IN SUPPORT OF SURVIVAL SYSTEMS USA, INC.'S OPPOSITION TO
PLAINTIFF'S MOTION FOR REMAND OF ACTION TO STATE COURT

**EXHIBIT 1**

SULLIVAN, HILL, LEWIN, REZ & ENGEL
A Professional Law Corporation
Jeffrey D. Lewin, SBN 68202
Cynthia A. Fissel, SBN 164153
550 West "C" Street, Suite 1500
San Diego, California 92101
Telephone: (619) 233-4100
Fax Number: (619) 231-4372

Attorneys for Defendant Survival Systems USA, Inc.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT CASSELL,<br><br>            Plaintiff,<br><br>v.<br><br>SURVIVAL SYSTEMS USA, INC., a<br>Connecticut Corporation and DOES 1 - 20,<br>Inclusive,<br><br>            Defendants. | Case No. 08 CV 964 H NLS<br><br>**DECLARATION OF MARIA C.**<br>**HANNA IN SUPPORT OF**<br>**SURVIVAL SYSTEMS USA, INC.'S**<br>**MOTION TO DISMISS OR**<br>**TRANSFER VENUE TO THE**<br>**DISTRICT OF CONNECTICUT**<br><br>Date:        July 21, 2008<br>Time:        10:30 a.m.<br>Dept.:        13<br>Judge:        Hon. Marilyn L. Huff |

I, Maria C. Hanna, declare:

1.        I am President of Defendant Survival Systems USA, Inc. ("SSUSA"). I have personal knowledge of the facts set forth in this declaration, except as to those matters stated upon information and belief, which facts I believe to be true. If called upon as a witness I would be competent to testify to the following facts.

2.        SSUSA, based in Groton, Connecticut, is a relatively small company which specializes in aviation and marine safety and survival training. SSUSA instructs pilots, aircrew and passengers in water survival, aircraft ditching emergency and escape procedures, as well as rescue and sea survival techniques at its commercial facility in Connecticut and at federal installations throughout the United States and in Japan. Survival Systems also provides United States Coast

DECLARATION OF MARIA C. HANNA IN SUPPORT OF SURVIVAL SYSTEMS USA, INC.'S MOTION TO
DISMISS OR TRANSFER VENUE TO THE DISTRICT OF CONNECTICUT

1  Guard approved open-water sea survival training under all climatic conditions for both aviation and

2  marine interests. SSUSA's sophisticated training center in Connecticut features a 100,000 gallon

3  (30'W x 40'L x 14'D) training tank and the most advanced aircraft ditching simulator in the world,

4  the Modular Egress Training Simulator (METS™). The METS™ demonstrates real-time aircraft

5  immersion and inversion, and features exit-specific technology that replicates more than a dozen

6  types of fixed-wing and rotary aircraft.

7         3.     In addition to its facility in Connecticut, SSUSA provides on site training to clients in

8  California, Hawaii, North Carolina, Alabama and Okinawa, Japan. SSUSA has approximately 11

9  full time employees at each location. In order to manage the risks associated with operating its

10  business, SSUSA requires that its personnel, employees, independent contractors and consultants

11  sign an employment agreement and agree to resolve disputes or claims relating to their work for

12  SSUSA in Connecticut courts and pursuant to Connecticut law. In this way, SSUSA can better

13  control, anticipate and plan for the potential costs of claims that may arise with its numerous

14  employees, and can avoid litigating in distant forums.

15         4.     From October 2002 to May 2007, SSUSA employed Plaintiff as an instructor of over-

16  water crash survival at Camp Pendleton, California. Plaintiff's job involved working with dive

17  tanks, air compressors, dive equipment, storage lockers and sheds and other equipment used by

18  SSUSA personnel to train marines at a pool in Camp Pendleton. Plaintiff needed to move, retrieve

19  and lift various pieces of such equipment in order to prepare for the training sessions. Plaintiff had

20  performed these functions daily, without incident, for approximately two and a half years.

21         5.     Plaintiff claims that on May 23, 2005, he was seriously injured while retrieving and

22  lifting twin diving tanks while on the job at Camp Pendleton. Shortly after his alleged injury,

23  Plaintiff notified SSUSA that he was unable to work. SSUSA continued to employ and pay Plaintiff

24  for almost two years during which time Plaintiff continuously and repeatedly told SSUSA that he

25  was unable to return to work due to severe and persistent pain resulting from his injury. SSUSA

26  believes that during that period Plaintiff engaged in a variety of extremely physically demanding

27  work, including running a professional high wire, trapeze and circus training school in Escondido,

28

::ODMA\PCDOCS\PCDOCS\285317\1                    2                    Case No. 08 CV 964 H NLS.

DECLARATION OF MARIA C. HANNA IN SUPPORT OF SURVIVAL SYSTEMS USA, INC.'S MOTION TO
DISMISS OR TRANSFER VENUE TO THE DISTRICT OF CONNECTICUT

1   California called Trapeze High, and going on numerous expeditions where he wrestled giant squid in

2   the Sea of Cortez, which activities he filmed for broadcast on cable television's History Channel.

3         6.      The terms and conditions of Plaintiff's at-will employment with SSUSA are set forth

4   in an employment agreement, which contains the following provisions for venue and choice of law:

5         11.4  Governing Law.  This Agreement shall become effective only upon acceptance
          by the Company at the Company's principal place of business.  This Agreement shall
6         be construed by and construed in accordance with the laws of the State of Connecticut
          and without reference to principles or conflicts of law thereof.  Employee agrees to,
7         and hereby does submit to, jurisdiction before any state or federal court of record in
          the State of Connecticut, or in the state or county in which any violation may occur, at
8         the Employer's election.

9   A true and correct copy of Plaintiff's Employment Agreement is attached hereto as Exhibit "1."

10        I declare under penalty of perjury under the laws of the United States and the state of

11  Connecticut that the foregoing matters are true and correct and that this declaration was executed on

12  June  17, 2008 at Groton, Connecticut.

13

14                                                    _____

15                                                    Maria C. Hanna

16

17

18

19

20

21

22

23

24

25

26

27

28
    DECLARATION OF MARIA C. HANNA IN SUPPORT OF SURVIVAL SYSTEMS USA, INC.'S MOTION TO
    DISMISS OR TRANSFER VENUE TO THE DISTRICT OF CONNECTICUT

EXHIBIT 1

## EMPLOYMENT AGREEMENT

## SURVIVAL SYSTEMS USA, INC.

THIS EMPLOYMENT AGREEMENT ("Agreement") is made and entered into as of the 15th day of November 2004, by and between SURVIVAL SYSTEMS USA, INC., a corporation (the "Company" or "Employer"), and the undersigned __Scott Cassell__ ("Employee").

## W I T N E S S E T H

WHEREAS, the Company is engaged in the business of providing survival training and instruction services to various private and governmental agencies and/or entities; and

WHEREAS, the Company desires to employ Employee as an at-will employee, and Employee desires to be so employed by the Company, subject to the terms and conditions contained herein;

NOW, THEREFORE, in consideration of the promises herein contained, the receipt and sufficiency of which is hereby acknowledged, the parties hereto agree as follows:

### Section 1.    Employment

1.1    Duties. During the term of the Employee's employment with the Company, Employee shall serve the Company in the position of __Instructor__ ; with such duties as may be established by the Company from time to time in its sole discretion, including, but not limited to, performing the duties and obligations set forth on Exhibit A attached hereto and incorporated herein for all purposes. The Company reserves the right to change your job duties and to implement revised policies and/or procedures with respect to your employment from time to time in its sole discretion.

Employee shall report to, and Employee's activities shall be subject to the direction of, · Site Manager, Camp Pendleton , or such other officers or supervisors of the Company as it may designate from time to time. Employees shall comply at all times with all federal, state and local laws and regulations as well as the policies and regulations of the Company in effect from time to time.

1.2    Full Attention and Loyalty to the Company. Employee shall serve the Company faithfully and to the best of his or her ability. Employee shall use his or her best efforts to administer and execute the policies and regulations of the Company. Employee shall devote Employee's full time, attention and energy to the business and affairs of the Company, and shall use Employee's best efforts to promote the interests of the Company. While employed by the Company, Employee shall not, directly or indirectly, render any services of a business, commercial or professional nature to any other entity or person, whether for compensation or

SSUSA00177

otherwise. Employee hereto accepts such employment and agrees faithfully to perform such duties and render such services for the term of the Agreement.

        1.3    Authority of Employee. Employee shall not have authority to enter into any agreement on behalf of the Company without the prior written approval of the Company. The Company hereby reserves the exclusive and absolute right to accept or reject any client of the Company and to establish the terms and condition of such client, including, without limitation, the type and manner of services to be provided by the Company and the payment terms thereof.

### Section 2.    Employment at Will.

        This Agreement is not a contract of employment for a definite term. The Employee is an employee-at-will. The Company or the Employee may terminate the employment relationship at any time, for any reason or no reason at all.

### Section 3.    Compensation

        In consideration of the Employee's employment with the Company, the Company shall pay to Employee the compensation and other reimbursements and bonuses, if any, as set forth in Exhibit B attached hereto and incorporated herein for all purposes.

### Section 4.    Benefits

        Employee shall be entitled to participate in all Employee benefit plans and programs made available to other employees of the Company employed in a similar position, as the same may be amended from time to time, and other benefit plans that the Company may from time to time adopt and make available to employees of the Company employed in a similar position, so long as the Company maintains such benefits. All such benefits are subject to the policies and procedures established by the Company from time and time and at its sole discretion. Subject to the foregoing rights of the Company to amend or discontinue any benefits at any time, Employee shall be initially entitled to the benefits, if any, set forth on Exhibit C attached hereto and incorporated herein for all purposes.

### Section 5.    Termination

        5.1    At Will Employment. Employment with the Employer is considered at-will, and this Agreement may be terminated by Employer for any reason and without cause upon written notice to Employee.

        Notwithstanding the above, this Agreement shall terminate on the Employee's death. Employer may also terminate this Agreement if, as a result of Employee's incapacity due to physical or mental illness, the Employee shall have utilized all leave available pursuant to Employer's family and medical leave policy and Employee does not return to work. Nothing in this paragraph is intended to limit or expand any rights provided by applicable federal, state or local law.

2

SSUSA00178

**5.2.**   Compensation upon Termination.   Upon termination of Employee's employment with the Company as provided herein, Employee shall continue to be paid compensation and to be reimbursed for all necessary and reasonable expenses incurred by Employee pursuant to the provisions herein only to the effective date of such termination; provided, however, that Employee shall continue to fully perform Employee's obligations to the Company through the effective date of such termination.

**5.3.**   Return of Materials.   Upon the termination of this Agreement for any reason whatsoever, all documents, records, electronic data, computers, notes, memoranda, files, notebooks, equipment and other materials which refer or relate to any aspect of the business of Employer and/or which are owned by the Employer which are in the possession of Employee, including all copies thereof, shall be promptly returned to Employer, but not later than fourteen (14) days after termination of this Agreement. Employee agrees that he/she shall not retain, reproduce or distribute these materials or copies thereof. Employee shall be responsible to the Company for all damages, direct or indirect, to the Company caused by any failure of Employee to properly return all such material, and the Company shall not be obligated to make any further payments to Employee of any kind whatsoever until all Company materials described herein or requested to be returned have been returned to the Company. The provisions of this section shall survive the termination of this Agreement.

### Section 6.   Employee Covenants

Employee hereby acknowledges and agrees that Employee's employment with the Company is subject to and conditional upon Employee entering into a confidentiality and non-competition agreement with the Company (the "Confidentiality and Non-Competition Agreement"), substantially in the form of Exhibit E attached hereto and, when so executed by Employee, the terms and conditions of such Confidentiality and Non-Competition Agreement shall be incorporated herein for all purposes. The Confidentiality and Non-Competition Agreement shall survive the termination of this Agreement and shall be deemed to have independent legal significance.

### Section 7.   Nonsolicitation

**7.1**   During the term of this Agreement and until six (6) months after the termination of this Agreement, Employee shall not, directly or indirectly, take any action which constitutes an interference with or disruption of any of the business activities of Employer, including, without limitation, the solicitation of Employer's employees.

**7.2**   For purposes of clarification, but not limitation, Employee hereby acknowledges and agrees that the provisions of subparagraph (a) above shall serve as a prohibition against Employee, during the period referred to therein, directly or indirectly, hiring, offering to hire, enticing, soliciting, or in any other manner persuading or attempting to persuade any officer, employee, agent, customer or client of Employer to discontinue or alter his or her or its relationship with Employer.

3

SSUSA00179

### Section 8.     Company Good Will

Employee acknowledges that the Employer has generated a substantial amount of Company good will and, particularly, with its customers, clients and business associates, which good will constitutes an invaluable asset of the Employer (referred to for the purposes of this paragraph as "Good Will"). Employee acknowledges that as an employee of Employer, Employee may be provided access to customers, clients and business associates of the Employer and will be expected to maintain and continue to develop Good Will with such customers, clients and business associates, and with new customers, clients and business associates on behalf of the Company. Employee acknowledges and agrees that he/she shall take no actions or engage in any conduct which is detrimental or adverse to the Company's good will with its customers, clients and business associates.

### Section 9.     Employee Representations

9.1     Employee represents and warrants that he or she is free to enter into this Agreement and is not subject to any restrictions or agreements which would or might interfere with Employee's obligations hereunder. Employee further represents that he or she has ideas, information and knowledge relating to the type of business conducted by Employer, and the Employee's disclosure of such ideas, information and knowledge to Employer will not conflict with or violate the rights of any third party or parties. Employee will not disclose to Employer or use in the performance of his or her duties hereunder any confidential or proprietary information of any third party.

9.2     Employee agrees to indemnify and hold harmless the Employer, its agents and employees from and against any and all liabilities, expenses, claims, penalties, interest or other damage arising from or in connection with the Employee's disclosure or use of any confidential or proprietary information of any third party, or the Employee's conduct, including the use of disclosure of confidential or proprietary information, which violates any third party's rights under any agreement between the third party and the Employee.

### Section 10.     Arbitration

With the exception of disputes arising under the Confidentiality and Non-Competition Agreement, the parties agree to submit every dispute, claim or controversy arising out of this Agreement or employment with the Company to binding arbitration. Employee understands that such disputes may include, but are not limited to, those for payment of wages or compensation, a breach of this Agreement, or employment discrimination. In agreeing to binding arbitration to resolve all such disputes, claims or controversies, Employee understands that he or she may be waiving certain statutory rights and remedies otherwise available to employees, such as the right to a trial by jury. In the event of a dispute, the parties will choose an arbitrator by mutual agreement. If the parties cannot agree upon an arbitrator, an arbitrator will be chosen pursuant to the employment rules of the American Arbitration Association then in effect. Having read this Section 10 carefully, Employee voluntarily agrees to its terms by signing this Agreement. Employee also acknowledges and understands that the Company's right to seek relief pursuant to the Confidentiality and Non-Competition Agreement,

4

SSUSA00180

and Sections 5.3 and 7 of this Agreement, including, but not limited to, the filing for injunctive relief in a court of competent jurisdiction, is not affected by this Section 10.

### Section 11.    Miscellaneous

**11.1.**    Binding Effect on Successors and Assigns. This Agreement shall bind and enure to the benefit of and be enforceable by the parties hereto and their respective heirs, personal representatives, successors and assigns. Employee shall not assign, pledge or hypothecate Employee's rights, nor delegate Employee's obligations under this Agreement to any person or entity, by operation of law or otherwise, without the prior written consent of the Company. The Company may assign this Agreement and all or any part of the Company's rights and obligations hereunder to any successor in interest to the Company, or to any person or entity which requires all or substantially all of the assets of the Company without the prior consent of Employee. This Agreement is not intended to confer upon any person not a party hereto any rights or remedies hereunder unless such person is a permitted successor to or assignee of a party hereto.

**11.2.**    Headings. Titles or headings contained in this Agreement are inserted only as a matter of convenience and for reference, and in no way define, limit, extend or describe the scope of this Agreement. Such headings in no way define, limit, extend or describe the scope of this Agreement and shall not affect in any way the meaning or interpretation of this Agreement.

**11.3**    Waiver. Neither the failure nor any delay on the part of any party hereto in exercising any right, power or remedy hereunder shall operate as a waiver thereof, or of any other right, power or remedy, nor preclude any further or other exercise thereof, or the exercise of any other right, power or remedy, unless such waiver shall be in writing and signed by the party claiming to have given or consented thereto.

**11.4**    Governing Law. This Agreement shall become effective only upon acceptance by the Company at the Company's principal place of business. This Agreement shall be construed by and construed in accordance with the laws of the State of Connecticut and without reference to principles or conflicts of law thereof. Employee agrees to, and hereby does submit to, jurisdiction before any state or federal court of record in the State of Connecticut, or in the state or county in which any violation may occur, at the Employer's election.

**11.5**    Entire Agreement. Except for the Confidentiality and Non-Competition Agreement entered into by the parties, this Agreement contains the entire agreement between the parties hereto with respect to the subject matter hereof, and shall not be modified or amended except by an instrument in writing signed by the parties hereto.

**11.6**    Severability. If any term or condition of this Agreement shall be found to be invalid or unenforceable, in any respect, such invalidity or unenforceability shall not affect any other term or condition of this Agreement, but this Agreement shall be construed as if such invalid or unenforceable term or condition were not contained herein. The remaining provisions of this Agreement shall be enforceable to the fullest extent permitted under applicable law.

5

SSUSA00181

11.7 <u>Counterparts</u>. This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original, and all of which together shall constitute one and the same instrument.

11.8 <u>Gender, Etc.</u> In the case of all terms used in this Agreement, the singular shall include the plural, and the masculine gender shall include the feminine and neuter and vice versa, as the context requires.

11.9 <u>Notices</u>. All notices, demands or other communications required or desired to be given hereunder by any party shall be set forth in writing and shall be validly given or made to the other party if served personally; or, if mailed, postage prepaid by the United States mail, certified mail, return receipt requested; or by a recognized overnight delivery service. If such notice, demand or other communication is served personally, service shall be conclusively deemed effected at the time of such personal service. If such notice, demand or other communication is given by mail, such service shall be conclusively deemed given 72 hours after the deposit thereof in the United States mail or with the delivery service. Each such notice, demand or communication shall be delivered or addressed to:

If to the Company:

Survival Systems USA, Inc.
Richard E. McInnis
President
144 Tower Avenue
Groton, CT 06340

If to the Employee:

Scott Cassell
11372 Weatherby Road
Los Alamitos CA 90720
[address]

Any party hereto may change its address for the purposes of receiving notices, demands and other communications as herein provided by delivering written notice thereof in the manner aforesaid to the other party hereto.

11.10 <u>Capitalized Terms</u>. All capitalized terms used in the Confidentiality and Non-Competition Agreement, or in any exhibit to this Agreement and not otherwise defined therein, shall have their respective meanings given to such terms in this Agreement.

11.11 <u>Fees</u>.

(a) The fees pertaining to any arbitration under this Agreement, including the American Arbitration Association's administrative fees and the arbitrator's fee, shall be split equally between the parties. In the event of any arbitration proceedings between the parties hereto with regard to the subject matter hereof, the parties shall bear their own attorneys' fees.

6

SSUSA00182

(b)     Should Employee fail and/or refuse to perform his or her obligations, covenants or promises contained in the Confidentiality and Non-Competition Agreement, or Sections 5.3 and 7 of this Agreement, and it becomes necessary for the Employer to initiate legal or equitable action in a court of competent jurisdiction to enforce the provisions of the aforementioned Agreement or Sections and the Employer prevails in any such action, Employee agrees to pay and indemnify Employer for any and all costs, including reasonable attorneys' fees, incurred by the Employer to enforce the provisions of the Confidentiality and Non-Competition Agreement or Sections 5.3 and 7 of this Agreement, including, but not limited to, the initiation and prosecution of legal or equitable causes of action in a court of competent jurisdiction.

(c)     Employee acknowledges that any action by Employee in violation of his or her obligations, agreements and covenants contained in the Confidentiality and Non-Competition Agreement as well as Sections 5.3 and 7 of this Agreement, shall cause the Employer irreparable injury and damages for which monetary damages may not be sufficient.

11.12   Employee acknowledges that he or she has had an opportunity to review this Agreement and to consult with an attorney of his or her choice regarding the provisions of this Agreement and their meaning and impact.

**IN WITNESS WHEREOF**, the undersigned have duly executed this Agreement as of the date first above written.

COMPANY:

SURVIVAL SYSTEMS USA, INC.

By:_____
Name:  Richard E. McInnis
Title:  President
Date: _____

EMPLOYEE:

_____
Date:  3 Dec 04 _____

690757_1/

7

Exhibit A

Duties of Employee

Scott Cassell is being hired as an Instructor for the Marine Overwater Crash Survival facility at Camp Pendleton, CA. This is a full time (+/- 40 hour week), salaried position. The work environment will be office, classroom, simulator, pool, helicopter, amphibious vehicle, and open water. There are possible deployments as well. The job is physically and mentally demanding. It is the employee's responsibility to maintain and improve his professional status.

Major Duties
Instruction (Theory)
Instruction (Practical)
Administration for courses
Set up of equipment for courses
Reading, self-education, research
Maintain Training Standards

You will be trained as a fully certified Instructor.

Student Safety will be your personal responsibility.

The "Vision and Values" policy will be adhered to at all times.

Initial and Date _SC_
3DEC04

SSUSA00184

Exhibit B

Compensation

Annual Compensation    $46,502.56

Exhibit C

Employee Benefits

Employee benefits are outlined in the employee handbook. These benefits will include Medical and Dental.

Vacation will be 10 days a year, awarded on a first request first receive basis. Conflicts that can not be resolved will be resolved by date of seniority. Refer to the handbook for details.

Sick days will be given on a need basis. Refer to the handbook for details.

Exhibit D

Performance Standards

Employees will be evaluated every 6 months by their immediate superior. The evaluation will be conducted in the approved Survival Systems IBA format. Memos of exemplary performance or disciplinary problems may be entered into the employees file at anytime.

Exhibit E

Confidentiality and Non-Competition Agreement

All employees will sign and comply with the confidentiality agreement.

636932_1/2074-1

2

Initial and Date _3 Dec 04_

SSUSA00185

1  SULLIVAN, HILL, LEWIN, REZ & ENGEL
   A Professional Law Corporation
2  Jeffrey D. Lewin, SBN 68202
   Cynthia A. Fissel, SBN 164153
3  550 West "C" Street, Suite 1500
   San Diego, California 92101
4  Telephone:  (619) 233-4100
   Fax Number: (619) 231-4372
5
   Attorneys for Defendant Survival Systems USA, Inc.
6

7

8                    UNITED STATES DISTRICT COURT

9                  SOUTHERN DISTRICT OF CALIFORNIA

10                                    )    Case No.  08 CV 964 H NLS
    SCOTT CASSELL,                     )
11                                     )    PROOF OF SERVICE
                                       )
12              Plaintiff,             )
                                       )
13  v.                                 )
                                       )
14  SURVIVAL SYSTEMS USA, INC., a      )
    Connecticut Corporation and DOES 1 - 20,  )
15  Inclusive,                         )
                                       )
16              Defendants.            )
                                       )
17  _____)

18       I am employed in the City and County of San Diego by the law firm of Sullivan Hill Lewin

19  Rez & Engel, 550 West C Street, Suite 1500, San Diego, California 92101.  I am over the age of 18

20  and not a party to this action.

21       On July 7, 2008, I served the attached document(s):

22       **(1) MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF SURVIVAL
    SYSTEMS USA., INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND OF
23  ACTIONS TO STATE COURT**

24       **(2) DECLARATION OF CYNTHIA A. FISSEL IN SUPPORT OF SURVIVAL
    SYSTEMS USA., INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND OF
25  ACTION TO STATE COURT**

26  on the following parties by electronically filing the foregoing with the Clerk of the District Court

27  using its ECF System, which electronically notified them.

28

::ODMA\PCDOCS\PCDOCS\284643\3                    1                    Case No. 08-CV-964 H NLS
                                      **PROOF OF SERVICE**

1    Steven Brian Davis, Law Offices of Steven Brian Davis, 12396 World Trade Drive,
     Suite 115, San Diego, CA  92128, Telephone:  (858) 451-1004, Fax: (858) 451-1005
2    Attorney for Plaintiff Scott Cassell, Email: sbdesq@pacbell.net

3    I declare under penalty of perjury that the foregoing is true and correct.  Executed on July 7,

4    2008.

5

6                                              Sandi Garcia

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**