**STEVEN BRIAN DAVIS**, **ESQ.,** SBN 86163
LAW OFFICES OF STEVEN BRIAN DAVIS
Foremost Professional Plaza
12396 World Trade Drive, Suite 115
San Diego, CA 92128

858-451-1004 Telephone
858-451-1005 Facsimile
sbdesq@pacbell.net E-mail

Attorney for Plaintiff,
**SCOTT CASSELL**

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT CASSELL,<br><br>    Plaintiff,<br><br>vs.<br><br>SURVIVAL SYSTEMS USA,<br>INC., a Connecticut Corporation,<br>and Does 1 - 20, Inclusive,<br><br>    Defendants.<br>_____ | Case No.: 08 CV 964 H NLS<br><br>**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION FOR DISMISSAL AND TRANSFER**<br><br>Date: 07/21/2008<br>Time: 10:30 a.m.<br>Dept: 13<br>Judge: Hon. Marilyn L. Huff |

    Plaintiff, Scott Cassell, hereby submits his memorandum of points and authorities in opposition to the defendant motion for dismissal and transfer of this cause the State or Federal District Court of Connecticut.

## I.  OBJECTION TO JURISDICTION<br>TO RULE ON DEFENDANT MOTION

    Plaintiff respectfully objects to the jurisdiction of this Court to rule on defendant's motions on the merits of this cause (i.e., to dismiss and transfer to the state or federal courts of Connecticut) on the ground that by virtue of the plaintiff's pending motion for remand brought under 28 U.S.C.1445( c), said papers of which are incorporated by reference as if fully set forth herein, this case is not a proper one to be removed to this Court in the first place, and this Court,

1  therefore, is divested of subject matter jurisdiction over this case except to remand the same
2  back to the Superior Court, State of California, County of San Diego, North County Branch, from
3  whence it was improperly removed.

4  Plaintiff is addressing the merits of defendant's motion below, but in so doing, plaintiff
5  neither intends to waive, nor does plaintiff waive, his jurisdictional objection, supra.

## II. PUBLIC POLICY PRECLUDES ENFORCEMENT OF PURPORTED FORUM SELECTION AND CHOICE OF LAW CLAUSES

The declaration of Scott Cassell reveals, the contract was entered into in San Diego County, for employment to occur in San Diego County, plaintiff was solicited for the employment in the State of California, and plaintiff is and was at all times pertinent a California resident and domiciliary.

Under 28 U.S.C. 1445 ( c) the federal judiciary has determined that plaintiff's selection of the forum should be left intact, namely, worker compensation-related cases should never make their way to the federal courts at all.

California Labor Code 3600.5 expresses the policy in protection of its injured workers:

> "3600.5. **(a) If an employee who has been hired or is regularly employed in the state receives personal injury by accident arising out of and in the course of such employment outside of this state, he, or his dependents, in the case of his death, shall be entitled to compensation according to the law of this state**. (b) Any employee who has been hired outside of this state and his employer shall be exempted from the provisions of this division while such employee is temporarily within this state doing work for his employer if such employer has furnished workmen's compensation insurance coverage under the workmen's compensation insurance or similar laws of a state other than California, **so as to cover such employee's employment while in this state**; provided, the extraterritorial provisions of this division are recognized in such other state and provided employers and employees who are covered in this state are likewise exempted from the application of the workmen' s compensation insurance or similar laws of such other state. The benefits under the Workmen's Compensation Insurance Act or similar laws of such other state, or other remedies under such act or such laws, shall be the exclusive remedy against such employer for any injury, whether resulting in death or not, received by such employee while working for such employer in this state. A certificate from the duly authorized officer of the appeals board or similar department of another state certifying that the employer of such other state is insured therein and has provided extraterritorial coverage insuring his employees while working within this state shall be prima facie evidence that such employer carries such workmen's compensation insurance." (Emphasis added).

California demonstrates such a strong interest in protecting its injured worker residents that the "employment agreement entered in this state" requirement was held not to be a prerequisite to enforcement of California's protective laws for its injured workers. Specifically, in <u>Bowen v. Workers' Comp. Appeals Bd</u>. (1999) 73 Cal.App.4th 15, a professional athlete residing in California, who signed a player's contract in California furnished to the athlete by an out-of-state team, was "hired in California," even though the team had not yet signed the contract when it was furnished to the athlete and, as a condition of the contract, the commissioner of the sport was required to approve the contract, and thus, athlete was entitled to benefits under California Workers' Compensation Act for injuries received while playing out of state under the contract. Accordingly, it is of no moment for SSUSA to assert under our facts that the plaintiff/SSUSA agreement was not entered into in California.

Similarly, California Labor Code Section 5305 similarly evinces the strong California public policy to protect its injured workers, in its (California) Courts[1]:

> "5305. The Division of Workers' Compensation, including the administrative director, and the appeals board have jurisdiction over all controversies arising out of injuries suffered outside the territorial limits of this state in those cases where the injured employee is a resident of this state at the time of the injury and the contract of hire was made in this state. Any employee described by this section, or his or her dependents, shall be entitled to the compensation or death benefits provided by this division."

In passing, California Labor Code 3600.5(b) is particularly telling. Even if plaintiff were hired outside California (and he was not), and even if he were injured while "temporarily" working in California (which he was not ), California would not exempt plaintiff from the protection of its laws unless SSUSA covered plaintiff under a worker compensation policy, **but the reason plaintiff filed suit is because SSUSA was uninsured**!

So what is the impact of the foregoing? <u>Hall vs. Superior Court</u> (1983) 150 Cal.App.3rd

---

[1] Of course, California admonishes that its laws are to be liberally construction for the protection of its injured workers (California Labor Code Section 3202), again, demonstrating the strong public policy attaching to application of California law.

411, instructs that a choice of law clause will not be enforced if it violates a California public policy, and if the choice of law is not permitted, the forum selection clause similarly must fall. This is the manner in which Hall resolved the issue in a California state securities fraud claim in which the defendant wanted Nevada law and the Nevada courts to resolve the case:

> "Similarly, we believe the right of a buyer of securities in California to have California law and its concomitant nuances apply to any future dispute arising out of the transaction is a "provision" within the meaning of section 25701 which cannot be waived or evaded by stipulation of the parties to a securities transaction. Consequently, we hold the choice of Nevada law provision in this agreement violates section 25701 and the public policy of this state (citation) and for that reason deny enforcement of the forum selection clause as unreasonable." Hall, supra at 418.

In conclusion, as a matter of public policy, SSUSA's attempt to enforce the alleged forum selection and choice of laws clause to oust this case from the California Superior Court must fail. Additionally, of course, Delaware cannot be said to be convenient: plaintiff resides here, the incident occurred here, the witnesses and evidence therefore are local as well.

### III. UNCONSCIONABILITY ALSO AN ISSUE WHICH REQUIRES RELIEF TO BE DENIED

Plaintiff's declaration reveals the contract with SSUSA was executed without any negotiation, simply a demand for the employees to sign it during a very short duration following a work shift. California Civil Code Section 1670.5 recites that unconscionable clauses in a contract may be unenforceable. On the state of the record, it is respectfully submitted that a factual dispute exists on whether the subject clauses are unconscionable and as such SSUSA's motion being treated as a Rule 56 motion under FRCP 12(d) must be denied.

Date: July 7, 2008            s/Steven Brian Davis_____
                              **STEVEN BRIAN DAVIS**
                              Attorney for Plaintiff,
                              **SCOTT CASSELL**

**STEVEN BRIAN DAVIS, ESQ., SBN 86163**
LAW OFFICES OF STEVEN BRIAN DAVIS
Foremost Professional Plaza
12396 World Trade Drive, Suite 115
San Diego, CA 92128

858-451-1004 Telephone
858-451-1005 Facsimile
sbdesq@pacbell.net E-mail

Attorney for Plaintiff,
**SCOTT CASSELL**

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT CASSELL, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> SURVIVAL SYSTEMS USA, ) <br> INC., a Connecticut Corporation, ) <br> and Does 1 - 20, Inclusive, ) <br> ) <br> Defendants. ) <br> ) <br> ) <br> ) <br> _____ ) | Case No.: 08 CV 964 H NLS <br><br> **DECLARATION OF SCOTT CASSELL** <br><br> Hearing Date: 07/21/08 <br> Time: 10:30 a.m. <br> Dept.: 13 |

      I, Scott Cassell, hereby declare that if called upon to testify, I could and would competently testify, on personal knowledge, and as indicated upon my information and belief, in the particulars hereinafter set forth.

    1. I am the plaintiff herein.

    2. I was born in California and have been a California resident and domiciliary since at least 1989.

    3. My employment with defendant, Survival Systems USA, Inc. (hereinafter, "SSUSA"),

commenced with a telephone conversation in or about October, 2002 in which SSUSA site manager, Scott Helvenson, who from Camp Pendleton, California, called me at the College of Oceaneering in Wilmington, CA, where I was then a commercial diving instructor.

4. Mr. Helvenson solicited my employment, telling me that I was the only person he could find who was qualified as a hyperbaric medical instructor and commercial diver instructor to help develop and work in the diver safety program as required by USN Master Diver CPO Leeds from the Camp Pendleton Dive Locker. I was verbally hired in that conversation.

5. My SSUSA job was a full time salaried position as an instructor of SSUSA's marine crash survival program conducted and taught at the Camp Horno pool at Camp Pendleton, CA.

6. Within the next one or two days, Mr. Helvenson telephoned me again. The telephone conversation was extensive. Without limitation, he gave me directions to the Camp Pendleton facility and explained in detail the training program and SSUSA's need for me to develop it in accordance with the Navy guidelines. He also told me about the infra-structure of SSUSA, namely, that it was a Canadian company that had opened an office in Groton, Connecticut, and with the Camp Pendleton contract, they were required to be a California company, which it was in process of organizing.

7. The Friday of the week I talked with Mr. Helvenson, I met him, Richard McInnis, Maria Hannah and other SSUSA personnel, at Camp Pendleton. My hire with SSUSA was confirmed and I was welcomed aboard. SSUSA asked me to sign papers that day which I did, copies of which I will attempt to find.

8. The document attached to Maria Hannah's June 17, 2008 declaration as Exhibit "A" and entitled, "Employment Agreement, Survival Systems, Inc." was a document that I was handed after a daily training cycle. I and other SSUSA employee were handed the document and told, in substance, that SSUSA had reorganized and we were required to sign an updated employment agreement. There was no discussion, no negotiation, only a demand to sign it. As a result, I did not read the document, I signed it as demanded, and went home.

1    I declare under penalty of perjury that the foregoing is true and correct according to the
2 laws of the State of California,
3    Executed on <u>June 27, 2008</u> at <u>San Diego, CA</u>.

<u>s/Scott Cassell</u>
**SCOTT CASSELL**

**DECLARATION OF SCOTT CASSELL**

U.S.D.C.S.D. NO. 08 CV 964 H NLS