

1  SULLIVAN, HILL, LEWIN, REZ & ENGEL
   A Professional Law Corporation
2  Jeffrey D. Lewin, SBN 68202
   Cynthia A. Fissel, SBN 164153
3  550 West "C" Street, Suite 1500
   San Diego, California 92101
4  Telephone: (619) 233-4100
   Fax Number: (619) 231-4372
5
   Attorneys for Defendant Survival Systems USA, Inc.
6

7

8                 **UNITED STATES DISTRICT COURT**

9               **SOUTHERN DISTRICT OF CALIFORNIA**

10                                    )    Case No.  08 CV 964 H NLS
     SCOTT CASSELL,                   )
11                                    )    **REPLY MEMORANDUM OF**
                                      )    **POINTS & AUTHORITIES IN**
12            Plaintiff,              )    **SUPPORT OF SURVIVAL**
                                      )    **SYSTEMS USA, INC.'S MOTION**
13   v.                               )    **TO DISMISS OR TRANSFER**
                                      )    **VENUE TO THE DISTRICT OF**
14   SURVIVAL SYSTEMS, INC., a        )    **CONNECTICUT**
     Connecticut Corporation and DOES 1 - 20, )
15   Inclusive,                       )
                                      )    Date:    July 21, 2008
16            Defendants.             )    Time:    10:30 a.m.
                                      )    Dept.:   13
17                                    )    Judge:   Hon. Marilyn L. Huff
                                      )
18   _____)

19        Defendant Survival Systems USA, Inc. ("SSUSA") respectfully submits this reply

20   memorandum of points and authorities in support of its motion to dismiss or transfer venue of this

21   action to the United States District Court for the District of Connecticut.

22                                    **I.**

23                              **INTRODUCTION**

24        Plaintiff Scott Cassell ("Plaintiff") opposes this motion on three grounds: (1) this Court lacks

25   subject matter jurisdiction to rule on the motion based on his pending remand motion (Opposition at

26   1:21-2:5); (2) public policy precludes enforcement of the forum-selection and choice of law

27

28
   ::ODMA\PCDOCS\PCDOCS\286113\1              1              Case No. 08 CV 964 H NLS.
   REPLY MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF SURVIVAL SYSTEMS USA, INC.'S
   MOTION TO DISMISS OR TRANSFER VENUE TO THE DISTRICT OF CONNECTICUT

1  provisions of his employment agreement (Opposition at 2:6-4:12); and (3) his employment

2  agreement is unconscionable (Opposition at 4:13-20).  Plaintiff is wrong on all counts.

3       The fundamental flaw in Plaintiff's opposition is the erroneous assumption that his action is a

4  non-removable workers' compensation case.  As shown in SSUSA's opposition to Plaintiff's remand

5  motion, this is a personal injury action that does not arise from California's workers' compensation

6  law.  Under settled federal law there is a strong presumption in favor of enforcing forum-selection

7  clauses.  Plaintiff has not established that the forum-selection and choice of law provisions in his

8  employment agreement with SSUSA are unfair or unreasonable.  Accordingly, removal was proper

9  and the case should be dismissed or transferred to the District of Connecticut.

10  **II.**

11  **ARGUMENT**

12  **A.  This Court Has the Power to Decide This Motion**

13       Plaintiff argues, without benefit of legal authority, that his pending motion to remand divests

14  this Court of subject matter jurisdiction over the case.  Plaintiff is mistaken.  Once a case has been

15  removed from state court, it is subject to the Federal Rules of Civil Procedure.  Fed. R. Civ. P.

16  81(c)(1).  Following removal, the federal court has the power to issue "all necessary orders."  28

17  U.S.C. § 1447(a).  *See Williams v. Costco Wholesale Corp.*, 471 F.3d 975, 977 (9th Cir. 2006) (post-

18  removal pleadings must be treated same as if case was originally filed in federal court).  The federal

19  court retains these powers until an order remanding the case is sent to the clerk of the State court,

20  whereupon the State court may proceed with the case.  28 U.S.C. § 1447(c).

21       Moreover, Plaintiff apparently confuses remand for a defect in removal procedure with

22  remand based upon lack of original subject matter jurisdiction.  *See* 28 U.S.C. § 1447(c).  Where the

23  district court lacks original jurisdiction, ie. lack of diversity of citizenship or the claim does not in

24  fact arise under federal law, a remand motion goes to the court's subject matter jurisdiction.

25  *International Primate Protection League v. Administrators of Tulane Educ. Fund*, 500 U.S. 72, 87

26  (1991).  However, procedural defects in removal do not affect the federal court's subject matter

27  jurisdiction.  *Koehnen v. Herald Fire Ins. Co.*, 89 F.3d 525, 528 (8th Cir. 1996).  Removal of an

28

REPLY MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF SURVIVAL SYSTEMS USA, INC.'S
MOTION TO DISMISS OR TRANSFER VENUE TO THE DISTRICT OF CONNECTICUT

1  action arising under a state's workers' compensation laws is a procedural defect. *See Baris v.*

2  *Sulpicio Lines, Inc.*, 932 F.2d 1540, 1544 (5th Cir. 1991) ("a 'procedural' defect is any defect that

3  does not go to the question of whether the case originally could have been brought in federal district

4  court"). Clearly, Plaintiff could have filed this action in district court. There is complete diversity of

5  citizenship and the damages sought exceed the jurisdictional minimum.

6        Plaintiff's remand motion does not challenge this Court's subject matter jurisdiction. Even if

7  Plaintiff's remand motion is granted, this Court continues to have subject matter jurisdiction while

8  the case remains in this Court. Accordingly, there is no merit to Plaintiff's contention that this Court

9  lacks subject matter jurisdiction to rule on this motion.

10 **B.    Plaintiff's Public Policy Argument Lacks Merit**

11       The Ninth Circuit applies federal law in diversity cases to determine the validity and effect of

12 forum-selection clauses. *Manetti-Farrow, Inc. v. Gucci America, Inc.*, 858 F.2d 509, 513 (9th Cir.

13 1988). Under federal law, forum-selection clauses are presumptively valid. Enforcement will be

14 ordered unless it clearly would be "unreasonable and unjust, or the clause was invalid for such

15 reasons as fraud or over-reaching." *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972).

16 The *Bremen* framework applies to forum-selection clauses in employment contracts. *Spradlin v.*

17 *Lear Siegler Mgmt. Servs. Co.*, 926 F.2d 865, 868 (9th Cir. 1991).

18       Here, Plaintiff does not contend that the forum-selection and choice of law provisions in

19 Plaintiff's employment agreement are unreasonable or unjust or the result of fraud or over-reaching.

20 Instead, he attempts to argue that public policy precludes their enforcement. (Opposition at 3-4).

21 Plaintiff's public policy argument, based upon California's workers' compensation law, is

22 unavailing because, as established in SSUSA's opposition to Plaintiff's motion to remand, his claims

23 do not arise from that law. Plaintiff's claim is a common law personal injury cause of action.

24       Plaintiff's argument is especially disingenuous because Plaintiff is well aware that in addition

25 to the instant civil action, he is concurrently prosecuting a claim that *does* arise from the workers'

26 compensation laws enacted to further the public policy of California. On or about May 22, 2007,

27 Plaintiff filed with the California Department of Industrial Relations Workers' Compensation

28

REPLY MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF SURVIVAL SYSTEMS USA, INC.'S
MOTION TO DISMISS OR TRANSFER VENUE TO THE DISTRICT OF CONNECTICUT

1    Appeals Board ("WCAB"), an Application for Adjudication of Claim against SSUSA, WCAB Case

2    No. SDO 0354765, with respect to the same physical injury that is the subject of this action. SSUSA

3    filed its Answer and is currently defending that claim. Plaintiff's workers' compensation claim is

4    actively proceeding before the WCAB and in accordance with the statutory workers' compensation

5    scheme codified in the California Labor Code separately and apart from the instant civil action. The

6    transfer of this action at law to the District of Connecticut will have no effect on Plaintiff's pending

7    workers' compensation claim. The civil action at law and the workers' compensation claim will

8    proceed separately and concurrently, according to the Federal Rules of Civil Procedure, on the one

9    hand, and the procedural rules of the WCAB, on the other hand. *See* Declaration of James B. Badger

10   at ¶¶ 2-4 and Exhibits "1" and "2" to SSUSA's Request for Judicial Notice filed concurrently

11   herewith.

12        Plaintiff's reliance on *Bowen v. Workers' Comp. Appeals Bd.*, 73 Cal. App. 4th 15 (1999), is

13   misplaced because that case did not involve enforcement of a forum-selection clause or choice of

14   law provision in an employment agreement. Nor did it involve a motion to transfer venue. In

15   *Bowen*, a California resident who was injured outside California while playing professional baseball

16   sought benefits under California workers' compensation laws. The court found that Plaintiff was

17   entitled to those benefits notwithstanding the fact that his baseball employment contract did not

18   become effective until it was signed by the team and approved by the baseball commissioner outside

19   California. *Id.* at 27. The court noted California's interest in protecting its employees regardless of

20   the location of their injury. *Id. Bowen* is inapposite because Plaintiff is not seeking benefits under

21   California's workers' compensation law in this case. To the contrary, he is seeking damages in an

22   action at law, outside the purview of California's workers' compensation laws, under a statute that

23   specifically permits him to prosecute his action "as if [California's workers' compensation law] did

24   not apply." Labor Code § 3706.

25        Plaintiff's reliance on *Hall v. Superior Court*, 150 Cal. App. 3d 411 (1983) is no more

26   helpful to his argument. *Hall* was an action arising under California's securities fraud statutes. The

27   Court declined to enforce an exchange agreement's provision that any litigation would be filed in

28

::ODMA\PCDOCS\PCDOCS\286113\1                     4                     Case No. 08 CV 964 H NLS.

1  Nevada. The Court noted that "California's policy is to protect the public from fraud and deception

2  in securities transactions. The Corporate Securities Law of 1968 was enacted to effectuate this

3  policy by regulating securities transactions in California and providing statutory remedies for

4  violations of the Corporations Code, in addition to those available under common law." *Id.* at 417.

5  This case is wholly distinguishable from *Hall*. Plaintiff's tort claim arises from common law, and

6  any relief he seeks is provided for by common law. Based upon Labor Code 3706, Plaintiff's claim

7  is specifically *excluded* from the statutory workers' compensation scheme.

8         Finally, Plaintiff's argument that the District of Delaware[1] is an inconvenient forum is

9  irrelevant and unsupported. Convenience of the parties is not a factor in determining the

10  enforceability of a forum-selection clause, unless enforcement would be so inconvenient that it

11  would effectively deprive Plaintiff of his day in court. *Murphy v. Schneider National, Inc.*, 362 F.3d

12  1133, 1141 (9th Cir. 2004). Plaintiff bears a heavy burden of proof to establish this ground. *Bremen,*

13  *supra*, 407 U.S. at 19. Plaintiff's declaration provides no facts whatsoever to avoid the forum-

14  selection clause in his employment agreement on the basis of inconvenience. *See Murphy*, 362 F.3d

15  at 1142 (combination of grave physical inability to travel *and* crippling financial hardship might be

16  sufficient to overcome forum-selection clause).

17         Accordingly, there is no public policy reason not to enforce the forum-selection and choice

18  of law provisions that Plaintiff agreed to in his employment agreement.

19  **C.    Plaintiff's Unconscionability Argument Must Be Rejected**

20         As a last ditch argument, Plaintiff contends that his employment agreement was

21  unconscionable because he was required to sign it without discussion or negotiation. (Opposition at

22  4:15-16 and Cassell Decl. ¶ 8). The Ninth Circuit squarely rejected the identical argument in

23  *Murphy,* 362 F.3d at 1141, relying on *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 595 (1991)

24

25

26  ---

[1]    Based on the forum-selection provision of Plaintiff's employment agreement, SSUSA seeks to have this case dismissed or transferred to the District of Connecticut. Plaintiff's opposition inexplicably asserts that Delaware would not be convenient (Opposition at 4:11-12). SSUSA assumes that Plaintiff intended to refer to Connecticut.

27

28

REPLY MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF SURVIVAL SYSTEMS USA, INC.'S
MOTION TO DISMISS OR TRANSFER VENUE TO THE DISTRICT OF CONNECTICUT

1 (rejecting notion that enforcing forum-selection clause in commercial cruise ticket is unreasonable

2 merely because ticket was not negotiated).

3      Plaintiff has alleged insufficient facts to evade the consequences of his forum selection

4 choice. His self-serving assertions of unconscionability are simply not enough to overcome the

5 strong presumption in favor of enforcing forum-selection clauses. To decline enforcement under

6 these circumstances "would disrupt the settled expectations of the parties here and would threaten

7 the ability of employers to require that disputes with their employees normally be settled in their

8 neighborhood, absent some other exigency." *Murphy*, 362 F.3d at 1141.

9      Accordingly, this Court must reject Plaintiff's unconscionability argument.

10 **III.**

11 **CONCLUSION**

12      For all the foregoing reasons, based upon the contractual forum-selection and choice of law

13 provisions in Plaintiff's employment agreement, SSUSA respectfully requests that this Court dismiss

14 or transfer venue of this action to the District of Connecticut.

15 Dated:    July 14, 2008        SULLIVAN, HILL, LEWIN, REZ & ENGEL
                             A Professional Law Corporation

16

17

18                           By:    */s/ Cynthia A. Fissel*
                                   Jeffrey D. Lewin

19                                    Cynthia A. Fissel
                                   Attorneys for Defendant
                                   Survival Systems USA, Inc.

20

21

22

23

24

25

26

27

28

REPLY MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF SURVIVAL SYSTEMS USA, INC.'S
MOTION TO DISMISS OR TRANSFER VENUE TO THE DISTRICT OF CONNECTICUT

1 | SULLIVAN, HILL, LEWIN, REZ & ENGEL
A Professional Law Corporation
2 | Jeffrey D. Lewin, SBN 68202
Cynthia A. Fissel, SBN 164153
3 | 550 West "C" Street, Suite 1500
San Diego, California 92101
4 | Telephone: (619) 233-4100
Fax Number: (619) 231-4372
5 |
Attorneys for Defendant Survival Systems USA, Inc.
6 |
7 |
8 | **UNITED STATES DISTRICT COURT**
9 | **SOUTHERN DISTRICT OF CALIFORNIA**

10 | | Case No. 08 CV 964 H NLS
11 | SCOTT CASSELL, |
| | **DECLARATION OF JAMES B.**
| | **BADGER IN SUPPORT OF**
12 | Plaintiff, | **SURVIVAL SYSTEMS USA, INC.'S**
| | **REPLY MEMORANDUM IN**
13 | v. | **SUPPORT OF MOTION TO**
| | **DISMISS OR TRANSFER VENUE**
14 | SURVIVAL SYSTEMS USA, INC., a | **TO THE DISTRICT OF**
| Connecticut Corporation and DOES 1 - 20, | **CONNECTICUT**
15 | Inclusive, |
16 | Defendants. | Date:    July 21, 2008
| | Time:    10:30 a.m.
17 | | Dept.:   13
| | Judge:   Hon. Marilyn L. Huff
18 |

19 |        I, James B. Badger, declare:

20 |        1.        I am an attorney duly admitted to practice law in the courts of the State of California

21 | and a Certified Specialist in California Workers' Compensation Law. I am a principal of the law

22 | firm of Mullen, Plummer &Badger, attorneys of record for Defendant Survival Systems USA, Inc.

23 | ("SSUSA") in a claim filed by Plaintiff Scott Cassell ("Plaintiff") with the California Department of

24 | Industrial Relations Workers' Compensation Appeals Board ("WCAB"). I have personal knowledge

25 | of the facts stated in this declaration. If called as a witness, I would be competent to testify to the

26 | following facts.

27 | C:\Documents and Settings\James Badger\Local Settings\Temporary Internet Files\Content.IE5\P8J8DY39\PCDOCS-#286217-v1-
28 | Badger_Decl__ISO_motion_to_dismiss_or_transfer_venue.DOC        1        Case No. 08 CV 964 H NLS.

DECLARATION OF JAMES B. BADGER IN SUPPORT OF SURVIVAL SYSTEMS USA, INC.'S REPLY
MEMORANDUM IN SUPPORT OF MOTION TO DISMISS OR TRANSFER VENUE TO THE DISTRICT OF
CONNECTICUT

2.    On or about May 22, 2007, Plaintiff filed an Application for Adjudication of Claim against SSUSA, WCAB Case No. SDO 0354765, with respect to the same physical injury that is the subject of this action. A true and correct copy of the Notice of Application and Application is attached to SSUSA's Request for Judicial Notice as Exhibit "1."

3.    On or about July 2, 2007, SSUSA filed its Answer and Statement in Compliance with Labor Code § 4906(g) in the WCAB case. True and correct copies of SSUSA's Answer and Statement in Compliance are attached to SSUSA's Request for Judicial Notice as Exhibit "2."

4.    Plaintiff's workers' compensation claim is currently open and proceeding before the WCAB and in accordance with the statutory workers' compensation scheme codified in the California Labor Code separately and apart from the instant civil action. The transfer of this action at law to the District of Connecticut will have no effect on Plaintiff's pending workers' compensation claim. The civil action at law and the workers' compensation claim will proceed separately and concurrently, according to the Federal Rules of Civil Procedure, on the one hand, and the procedural rules of the WCAB, on the other hand.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing matters are true and correct and that this declaration was executed on July 11, 2008 at San Diego, California.

James B. Badger

C:\Documents and Settings\James Badger\Local Settings\Temporary Internet Files\Content.IE5\P8J8DY39\PCDOCS-#286217-v1-Badger_Decl__ISO_motion_to_dismiss_or_transfer_venue.DOC    2    Case No. 08 CV 964 H NLS.

DECLARATION OF JAMES B. BADGER IN SUPPORT OF SURVIVAL SYSTEMS USA, INC.'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS OR TRANSFER VENUE TO THE DISTRICT OF CONNECTICUT

1  SULLIVAN, HILL, LEWIN, REZ & ENGEL
   A Professional Law Corporation
2  Jeffrey D. Lewin, SBN 68202
   Cynthia A. Fissel, SBN 164153
3  550 West "C" Street, Suite 1500
   San Diego, California 92101
4  Telephone: (619) 233-4100
   Fax Number: (619) 231-4372
5
   Attorneys for Defendant Survival Systems USA, Inc.
6

7

8                    UNITED STATES DISTRICT COURT

9                 SOUTHERN DISTRICT OF CALIFORNIA

10                                        )   Case No.  08 CV 964 H NLS
    SCOTT CASSELL,                        )
11                                        )   REQUEST FOR JUDICIAL NOTICE
                                          )   IN SUPPORT OF SURVIVAL
12            Plaintiff,                   )   SYSTEMS USA, INC.'S REPLY
                                          )   MEMORANDUM IN SUPPORT OF
13  v.                                    )   MOTION TO DISMISS OR
                                          )   TRANSFER VENUE TO THE
14  SURVIVAL SYSTEMS USA, INC., a         )   DISTRICT OF CONNECTICUT
    Connecticut Corporation and DOES 1 - 20, )
15  Inclusive,                            )
                                          )   Date:     July 21, 2008
16            Defendants.                 )   Time:     10:30 a.m.
                                          )   Dept.:    13
17                                        )   Judge:    Hon. Marilyn L. Huff
                                          )
18  _____

19          Pursuant to Federal Rule of Evidence 201, Defendant Survival Systems USA, Inc.

20  ("SSUSA") respectfully requests the Court take judicial notice of the following documents in

21  support of SSUSA's motion to dismiss or transfer venue to the District of Connecticut under Fed. R.

22  Civ. P. 12(b)(1), 12(b)(3), 12(b)(6) and 28 U.S.C. §§ 1404 and 1406:

23          1.      Exhibit "1" - Plaintiff's Notice of Application and Application, filed May 22, 2007 in

24  the State of California, Department of Industrial Relations, Division of Worker's Compensation,

25  Workers' Compensation Appeals Board proceeding entitled, *Scott Cassell v. Survival Systems USA,*

26  *Inc.,* WCAB Case No. SDO 0354765 (the "Workers' Compensation Case");

27

28

2.   Exhibit "2" - SSUSA's Answer and Statement in Compliance with Labor Code § 4906(g), filed on or about July 2, 2007 in the Workers' Compensation Case.

When ruling on a motion to dismiss or transfer venue, a court may consider evidence outside the pleadings. *Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 324 (9th cir. 1996). Thus, this court may take judicial notice of facts outside the pleadings as allowed pursuant to Federal Rule of Evidence 201, which authorizes judicial notice of adjudicative facts "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned". Ninth Circuit case law clearly holds that courts may take judicial notice of court documents as matters of public record. See *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986) (holding that under Federal Rule of Evidence 201, courts "may take judicial notice of matters of public record outside the pleadings"); *Enrich v. Touche Ross & Co.*, 846 F.2d 1190, 1198 (9th Cir. 1988) (finding it proper to judicially notice court pleadings). *See also Clark v. Nevans*, Slip Op., 2007 WL 3034807 (E.D. Cal., Oct. 16, 2007) (taking judicial notice of workers' compensation proceedings).

Here the documents for which judicial notice is requested are filings by the parties to this action in a concurrently pending proceeding before the California Workers' Compensation Appeals Board. These documents should be considered by this court in understanding the status, facts, and potential relief available in this case.

Dated:     July 14, 2008          SULLIVAN, HILL, LEWIN, REZ & ENGEL
                                   A Professional Law Corporation


                                   By:   /s/ Cynthia A. Fissel
                                         Jeffrey D. Lewin
                                         Cynthia A. Fissel
                                         Attorneys for Defendant
                                         Survival Systems USA, Inc.

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF SURVIVAL SYSTEMS USA, INC.'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS OR TRANSFER VENUE TO THE DISTRICT OF CONNECTICUT

**EXHIBIT 1**



SION OF WORKERS' COMPENSATIC

**WORKERS' COMPENSATION APPEALS BOARD**



# NOTICE OF APPLICATION

|  |  |
|---|---|
| **DATE OF SERVICE:** | *05/23/2007* |
| **WCAB CASE NBR(s):** | *SDO 0354765* |
| **DATE OF CLAIMED INJURY:** | *05/23/2005* |

**EMPLOYEE:**    *SCOTT CASSELL*

**EMPLOYER:**    *SURVIVAL SYSTEMS, USA, IN*

**INSURER:**

**COMMENT(S)/REMARK(S):**

*AN APPLICATION FOR ADJUDICATION OF CLAIM HAS BEEN FILED WITH THE WORKERS'*
*COMPENSATION APPEALS BOARD FOR THE ABOVE CLAIMED INJURY. PLEASE REFERENCE*
*THE ABOVE WCAB ID NUMBER ON ALL CORRESPONDENCE TO THE WCAB.*
*THIS NOTICE CONSTITUTES A CONFORMED COPY OF THE APPLICATION.*
*PURSUANT TO SECTION 10400 OF THE RULES OF PRACTICE AND PROCEDURE,*
*YOU ARE REQUIRED TO SERVE THE ABOVE WCAB ID NUMBER ON ALL PARTIES*
*DATE APPLICATION FILED: 05/22/2007*

NOTICE TO PARTIES: **Disability accommodation is available upon request.** Any person with a disability requiring an accommodation, auxiliary aid or service, or a modification of policies or procedures to ensure effective communication and access to the programs of the Division of Workers' Compensation, should contact the **Disability Accommodation Coordinator** at the local District Office of the WCAB, or the **state-wide Disability Accommodation Coordinator at 1-866-681-1459 (toll free). The state-wide Coordinator can also be reached through the California Relay Service, by dialing 711 or 1-800-735-2929 (TTY) or 1-800-855-3000 (TTY-Spanish).**

Accommodations can include modifications of policies or procedures or provision of auxiliary aids or services. Accommodations include, but are not limited to, an Assistive Listening System (ALS), a Computer-Aided Transcription System or Communication Access Realtime Translation (CART), a sign language interpreter, documents in Braille, large print or on computer disk, and audio cassette recording. Accommodation requests should be made as soon as possible. Requests for an ALS or CART should be made no later than five (5) days before the hearing.

1 | **WORKERS COMPENSATION APPEALS BOARD**

2 | **STATE OF CALIFORNIA**

3 | STEVEN BRIAN DAVIS, ESQ.
**LAW OFFICES OF STEVEN BRIAN DAVIS**
4 | 12396 World Trade Drive, Suite 115
San Diego, CA 92127-1632
5 | (858) 451-1004 Telephone
(858) 451-1005 Facsimile
6 | sbdesq@pacbell.net Email

7 | Attorney for Applicant:  SCOTT CASSELL

8 | Case No.:  SDO 0354765

9 | **DECLARATION OF SERVICE BY MAIL**

10 | I, MARGO OSORIO, declare: That I am, and was at the time of service of the papers herein referred to, over the age of eighteen (18) years, and not a party to the action; and I am employed in the county of San
11 | Diego, California, within which county the subject mailing occurred.  My business address is 12396 World Trade Drive, Suite 115, San Diego, CA 92128.  I served the following documents:
12 |

13 | **NOTICE OF APPLICATION**

14 | I am readily familiar with the business practice at my place of business for collection and processing of correspondence for mailing with the United States Postal Service.  Correspondence so collected and
15 | processed is deposited with the United States Postal Service that same day in the ordinary course of business.
16 |

17 | On ___MAY 30___ , 200_7_ , the above documents were placed for deposit in the United States Postal Service addressed to:
18 |

19 | SURVIVAL SYSTEMS, USA, INC.        JAMES BADGER, ESQ.
144 Tower Avenue                   Mullen, Plumber & Badger
20 | Groton, CONN 06340                 2815 Camino Del Rio South
                                   Suite 112
21 |                                    San Diego, CA 92108

22 |
and that the envelope was sealed after my execution and placed for collection and mailing on that date
23 | following ordinary business practices.

24 |
I declare under penalty of perjury under the laws of the State of California that the foregoing is true and
25 | correct.

26 |
Executed on _May 30_____ , 200_7_
27 |

28 |                                              _____
                                             MARGO OSORIO

DEPARTMENT OF INDUSTRIAL RELATIONS

WORKERS' COMPENSATION APPEALS BOARD

# APPLICATION FOR ADJUDICATION OF CLAIM
(PRINT OR TYPE NAMES AND ADDRESSES)

SCOTT CASSELL

Social Security No.: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

(APPLICANT, IF OTHER THAN INJURED WORKER)
VS.

2470 MELRU LANE
(INJURED EMPLOYEE'S ADDRESS AND ZIP CODE)
ESCONDIDO, CA 92026

(APPLICANT'S ADDRESS AND ZIP CODE)

144 TOWER AVENUE
GROTON, CONN 06340
(EMPLOYER'S ADDRESS AND ZIP CODE)

SURVIVAL SYSTEMS, USA, INC.
(EMPLOYER --STATE IF SELF-INSURED)

N/A
(EMPLOYER'S INSURANCE CARRIER OR
IF SELF-INSURED, ADJUSTING AGENCY)

(INSURANCE CARRIER OR ADJUSTING AGENCY'S ADDRESS)

## IT IS CLAIMED THAT:

1. The injured employee, born 03/16/1962, while employed as a SURVIVAL INSTRUCTOR
(DATE OF BIRTH)                                                                (OCCUPATION AT TIME OF INJURY)

(AIR CREW AND PASSENGER EGRESS UNDERWATER),

on 05/23/2005 at _____ CAMP PENDLETON, CAMP HORNO ____ CA _____
(DATE OF INJURY)        (ADDRESS)                    (CITY)              (STATE) (ZIP CODE)
by the employer sustained injury arising out of and in the course of employment to

LOW BACK
(STATE WHAT PARTS OF BODY WERE INJURED)

ON LAND, LIFTING DUAL SCUBA TANKS ONTO DECK TO
CHEST, OVER THE SHOULDER, ONTO CONNEX BOX TO
REFILL HABD BOTTLES

2. The injury occurred as follows:
(EXPLAIN WHAT EMPLOYEE WAS DOING AT TIME OF INJURY)

3. Actual earnings at time of injury were: $48,278.83 ANNUAL SALARY
(GIVE WEEKLY OR MONTHLY SALARY OF HOURLY RATE AND NUMBER OF HOURS WORKED PER WEEK)

(SEPARATELY STATE VALUE PER WEEK OR MONTH OF TIPS, MEALS, LODGING OR OTHER ADVANTAGE REGULARLY RECEIVED)

4. The injury caused disability as follows: OFF WORK SINCE MAY 25, 2005
(SPECIFY LAST DAY OF WORK DUE TO THIS INJURY AND ENDING DATES OF ALL PERIODS OFF DUE TO THIS INJURY)

| | | | PAID DUE TO THIS INJURY |
|---|---|---|---|
| 5. Compensation was paid | X (YES) | ___ (NO) | $ UNK. (TOTAL PAID) | $ 928.44 (WEEKLY RATE) | LAST PAY CYCLE (DATE OF LAST PAYMENT) |

6. Unemployment insurance or unemployment compensation disability benefits have
been received since the date of injury ___ X ___
(YES)    (NO)

7. Medical treatment was received __ X __ ___ 05/17/2007 ___ All
treatment was                      (YES)  (NO)  (DATE OF LAST TREATMENT)

furnished by the Employer or Insurance Company ___ X ___ Other
treatment was provided                          (YES)  (NO)

or paid for by EMPLOYER-PROVIDED HEALTH INSURANCE (I.E., SELF-PROCURED),
UNITED HEALTH CARE, P.O. BOX 740800, ATLANTA, GA 30374-0800, SUBSCRIBER
NO. 5R3157
(NAME OF PERSON OR AGENCY PROVIDING OR PAYING FOR MEDICAL CARE)

Did Medi-Cal pay for any health care related to this claim ___ X ___
doctors not provided                                        (YES)  (NO)

or paid for by employer or insurance company who treated or examined for
this injury:

David Barba, M.D., 6645 Alvarado Road, Ste. 229, San Diego, CA 92120; Yaneil Maharaj, D.C., 925 E.
Pennsylvania Ave, Suite A, Escondido, CA 92025; Jeffrey Schiffman, M.D., 225 N. Elm Street, Suite 201,
Escondido, CA 92025; Edward Venn-Watson, M.D., 12630 Monte Vista Road, Poway, CA 92064; Vrijesh
Tantuwaya, M.D., 7339 El Cajon Blvd., Suite C, La Mesa, CA; Kamshad Raiszadeh, M.D., 4130 La Jolla
Village Drive, Suite 100, La Jolla, CA 92037; Alvarado Hospital Medical Center, 6655 Alvarado Road, San
Diego, CA 92120; William Taylor, M.D., 6645 Alvarado Road, Suite 229, San Diego, CA 92120; Advanced
MRI of Escondido, 255 N. Elm Street, Suite 102, Escondido, CA 92025; U.C.S.D. Medical Center, 200 West
Arbor Drive, CA 92103-8825

(STATE NAMES AND ADDRESSES OF SUCH DOCTORS AND NAMES OF HOSPITALS TO WHICH SUCH DOCTORS ADMITTED INJURED)

8. Other cases have been filed for industrial injuries by this empl       e as follows: <u>NONE</u>
<span style="font-size:smaller">(SPECIFY CASE NUMBER AND CITY WHERE FILED)</span>

9. This application is filed because of a disagreement regarding liability for:

Temporary disability indemnity __X__ Permanent disability indemnity __X__

Reimbursement for medical expense __X__ Medical treatment __X__ Compensation at

proper rate __X__ Rehabilitation __X__ Other (Specify) <u>10% PENALTY PER LABOR CODE SECTION 4554 AND ATTORNEY FEES PER LABOR CODE SECTION 4555; FOR EMPLOYER'S WILLFUL FAILURE TO SECURE COMPENSATION INSURANCE; APPLICANT REQUESTS A HEARING AND AWARD OF THE SAME; AND FOR ALL OTHER APPROPRIATE BENEFITS PROVIDED BY LAW.</u>

Dated at <u>San Diego</u>, California on <u>May 21, 2007</u>
<span style="font-size:smaller">(CITY)</span>                                        <span style="font-size:smaller">(DATE)</span>

<u>STEVEN BRIAN DAVIS, ESQ.</u>
<span style="font-size:smaller">(APPLICANT'S ATTORNEY)</span>
12396 World Trade Drive, #115
San Diego, CA 92128
(858) 451-1004
<span style="font-size:smaller">(ADDRESS AND TELEPHONE NUMBER OF ATTORNEY)</span>

<span style="font-size:smaller">(APPLICANT COUNSEL'S SIGNATURE)</span>

State of California
Department of Industrial Relations
Division of Worker's Compensation



# FEE DISCLOSURE STATEMENT

If you choose to be represented by an attorney, your attorney's fees will be deducted from your benefits. The fee will be approved by the Workers' Compensation Appeals Board, with consideration given to the: (1) responsibility assumed by the attorney; (2) care exercised in representing you; (3) time involved; and, (4) results obtained.

Attorney's fees normally range from 9% to 12% of the benefits awarded. If your attorney has also represented you before the Rehabilitation Unit, there may also be a fee allowed for this representation.

There are certain circumstances where your employer (or his/her insurer) may be liable to pay your attorney's fees. For example, if employer disputes a permanent disability evaluation obtained when you were not represented by an attorney, your employer may be liable for any attorney fees you incur because of the dispute.

If at any time you no longer wish to be represented by the attorney, you may withdraw from representation by notifying the attorney. If you withdraw from representation, the fee amount found by a workers' compensation judge to be the fair value of any work the attorney did in your case will be deducted from your award.

An Information and Assistance Officer may be able to answer your questions concerning your workers' compensation benefits at no charge to you. He/She may be able to resolve your problems without the need for litigation.
**Call this toll-free number: 1-800-736-7401.**

Employee's Signature _____          Date: October 23, 2006
Employee's Name  SCOTT J. CASSELL
Attorney's Signature _____          Date: October 23, 2006
Attorney's Name       STEVEN BRIAN DAVIS
Address                     12396 World Trade Drive, Suite 115
                                San Diego, CA 92128
Phone No.               (858) 451-1004

**Any person who makes or causes to be made any knowingly false or fraudulent material statement or material representation for the purpose of obtaining or denying workers' compensation benefits or payments is guilty of felony.**

DWC FORM 3 (Rev. 3/93)

RE: SCOTT CASSELL

## LC 4906(G) STATEMENT

The undersigned does hereby state under penalty of perjury according to the laws of the State of California that neither the undersigned nor the party represented thereby has violated LC 139.3, has not offered, delivered, received, or accepted any unlawful rebate, refund, commission, preference, patronage dividend, discount or other consideration, whether in the form of money or otherwise, as compensation or inducement for any referred examination or evaluation by a physician.

Executed at San Diego, CA on 10/23/2006.

STEVEN BRIAN DAVIS, ESQ.

**EXHIBIT 2**

LAW OFFICES

# MULLEN, PLUMMER & BADGER

A PROFESSIONAL CORPORATION

JOHN W. MULLEN
CRAIG A. PLUMMER*
JAMES B. BADGER*

2815 CAMINO DEL RIO SOUTH, SUITE 112
SAN DIEGO, CALIFORNIA 92108

TELEPHONE
(619) 233-3116
FACSIMILE
(619) 297-5969

*Certified Specialist, Workers' Compensation Law
The State Bar of California Board of Legal Specialization

OUR FILE NO.

G98 0001

July 2, 2007

WORKERS' COMPENSATION APPEALS BOARD
7575 Metropolitan Drive, 2nd Floor, Suite 202
San Diego, California 92108

Re:    Scott Cassell v. Survival Systems, USA, Inc.
WCAB Case No.    SDO 0354765

Dear Gentlemen:

Enclosed herewith for filing, please find the following documents, copies of which have been served upon the interested parties as indicated below.

1.    **Answer** of defendant;

2.    Statement in Compliance with Labor Code §4906(g);

Yours very truly,

JAMES B. BADGER
email: jbadger@mpb-law.net

JBB/wg
Enclosures
cc:    Maria Hanna, Executive Director/Survival Systems USA
Steven Davis, Esq.

DIA WCAB FORM 10 (REV. 7/81)
STATE OF CALIFORNIA

DEPARTMENT OF INDUSTRIAL RELATIONS

# WORKERS' COMPENSATION APPEALS BOARD

ANSWER OF <u>SURVIVAL SYSTEMS, USA, INC.</u>

<u>SCOTT CASSELL</u>
_____
(INJURED EMPLOYEE)

Case No. <u>SDO 0354765</u>

Date of alleged injury: <u>05/23/05</u>

vs.
_____

<u>SURVIVAL SYSTEMS, USA, INC.</u>
(CORRECT NAME OF EMPLOYER, INDICATE IF SELF-INSURED)

144 TOWER AVE.
GROTON, CT 06340
(EMPLOYER'S ADDRESS AND ZIP CODE)

_____
(CORRECT NAME OF INSURANCE CARRIER OR
IF SELF-INSURED, ADJUSTING AGENCY)

_____
(INSURANCE CARRIER OR ADJUSTING AGENCY'S ADDRESS AND ZIP CODE)

ANSWERING DEFENDANTS deny the allegations of the application as indicated below with such explanations as expressly set forth and admit all other material allegations.

DENIALS                                        EXPLAIN BELOW

(Mark X if allegation is denied)

| | | |
|---|---|---|
| _____ | Employment | _____ |
| _____ | Occupation | _____ |
| **X** | Injury | <u>NATURE AND EXTENT</u><br>(IF DENIAL IS BASED ON DATE OR PART OF BODY INJURED, EXPLAIN FULLY) |
| _____ | Insurance coverage | _____<br>(CHECK IF EMPLOYER HAS BEEN NOTIFIED TO APPEAR AND DEFEND) |
| **X** | Liability for self-procured treatment | _____ |
| **X** | Liability for future medical treatment | _____ |
| **X** | Medical-legal costs | <u>REASONABLENESS AND NECESSITY</u> |
| **X** | Earnings | <u>INVESTIGATING</u> |
| **X** | Periods of disability | _____<br>(GIVE LAST DAY WORKED AND CORRECT DATE OF RETURN TO WORK) |
| **X** | Rehabilitation | _____ |
| **X** | Permanent disability | <u>APPORTIONMENT IS CLAIMED</u><br>(IF APPORTIONMENT IS CLAIMED, SO STATE) |

IT IS FURTHER ALLEGED:

1. Defendants have paid disability indemnity in the total amount of $ <u>SEE BELOW*</u> at the rate of $ _____

   a week beginning _____ through _____

   plus <u>*The benefits-paid information will be supplied upon request or at time of hearing/settlement.</u>

2. Affirmative defenses and other matters: <u>DEFENDANT IS RAISING ALL DEFENSES UNDER THE LABOR CODE AND RELATED LAW - NONE ARE WAIVED.</u>

Defendants do not waive the right to raise additional issues in accordance with the provisions of law and the Rules of Practice if other issues develop.

Dated at <u>SAN DIEGO</u>, California, <u>JULY 6, 2007</u>

<u>SURVIVAL SYSTEMS, USA, INC.</u>
(EMPLOYER OR INSURANCE CARRIER)

<u>JAMES B. BADGER, ESQ. / MULLEN, PLUMMER & BADGER</u>
By: <u>2815 CAMINO DEL RIO SOUTH, SUITE 112</u>
<u>SAN DIEGO, CA 92108  (619) 233-3116</u>
(ADDRESS AND TELEPHONE NUMBER OF ATTORNEY)

WCAB-10

Re:     *Scott Cassell v. Survival Systems, USA, Inc.*
        WCAB Case No.      SDO 0354765


## STATEMENT IN COMPLIANCE WITH LABOR CODE §4906(g)

I, the undersigned, declare that I have complied with the requirements of Labor Code  Section 4906(g), as follows:

> "The employee, the insurer, the employer and the attorneys for
> each party shall sign and file with the Board a statement, with the
> Application or Answer, under penalty of perjury that they have not
> violated section 139.3 and they have not offered, delivered,
> received, or accepted any rebate, refund, commission, preference,
> patronage, dividend, discount, or other consideration, whether in the
> form of money or otherwise, as compensation or inducement for
> any referred examination or evaluation."

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

July 2, 2007

MULLEN, PLUMMER & BADGER, APC
Attorneys for Employer

1  SULLIVAN, HILL, LEWIN, REZ & ENGEL
   A Professional Law Corporation
2  Jeffrey D. Lewin, SBN 68202
   Cynthia A. Fissel, SBN 164153
3  550 West "C" Street, Suite 1500
   San Diego, California 92101
4  Telephone:  (619) 233-4100
   Fax Number: (619) 231-4372
5
   Attorneys for Defendant Survival Systems USA, Inc.
6

7

8                  UNITED STATES DISTRICT COURT

9                SOUTHERN DISTRICT OF CALIFORNIA

10                                      )   Case No.  08 CV 964 H NLS
    SCOTT CASSELL,                      )
11                                      )   PROOF OF SERVICE
                                        )
12            Plaintiff,                )
                                        )
13  v.                                  )
                                        )
14  SURVIVAL SYSTEMS USA, INC., a       )
    Connecticut Corporation and DOES 1 - 20, )
15  Inclusive,                          )
                                        )
16            Defendants.               )
                                        )
17 ┌────────────────────────────────────┘

18        I am employed in the City and County of San Diego by the law firm of Sullivan Hill Lewin

19 Rez & Engel, 550 West C Street, Suite 1500, San Diego, California 92101.  I am over the age of 18

20 and not a party to this action.

21        On July 14, 2008, I served the attached document(s):

22        **(1) REPLY MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF**
   **SURVIVAL SYSTEMS USA., INC.'S MOTION TO DISMISS OR TRANSFER VENUE TO**
23 **THE DISTRICT OF CONNECTICUT**

24        **(2) DECLARATION OF JAMES B. BADGER IN SUPPORT OF SURVIVAL**
   **SYSTEMS USA., INC.'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO**
25 **DISMISS OR TRANSFER VENUE TO THE DISTRICT OF CONNECTICUT**

26        **(3) REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF SURVIVAL SYSTEMS**
   **USA., INC.'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS OR**
27 **TRANSFER VENUE TO THE DISTRICT OF CONNECTICUT**

28 on the following parties by electronically filing the foregoing with the Clerk of the District Court

::ODMA\PCDOCS\PCDOCS\284643\4                1                    Case No. 08-CV-964 H NLS

1  using its ECF System, which electronically notified them.

2      Steven Brian Davis, Law Offices of Steven Brian Davis, 12396 World Trade Drive,
       Suite 115, San Diego, CA  92128, Telephone:  (858) 451-1004, Fax: (858) 451-1005
3      Attorney for Plaintiff Scott Cassell, Email: sbdesq@pacbell.net

4      I declare under penalty of perjury that the foregoing is true and correct.  Executed on July 14,

5  2008.

6

7                                                  _____
                                                   Sandi Garcia
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28