1  **STEVEN BRIAN DAVIS**, **ESQ.**, SBN 86163
   LAW OFFICES OF STEVEN BRIAN DAVIS
2  Foremost Professional Plaza
   12396 World Trade Drive, Suite 115
3  San Diego, CA 92128

4
   858-451-1004 Telephone
5  858-451-1005 Facsimile
   sbdesq@pacbell.net E-mail
6
   Attorney for Plaintiff,
7  **SCOTT CASSELL**

8
                    UNITED STATES DISTRICT COURT
9
                    SOUTHERN DISTRICT OF CALIFORNIA
10

11 SCOTT CASSELL,                    )    Case No.: 08 CV 964 H NLS
                                     )
12          Plaintiff,               )    **PLAINTIFF'S REPLY TO DEFEND-**
                                     )    **ANT'S OPPOSITION TO PLAINTIFF'S**
13     vs.                           )    **MOTION FOR REMAND**
                                     )
14 SURVIVAL SYSTEMS USA,             )    Date: 07/21/2008
   INC., a Connecticut Corporation,  )    Time: 10:30 a.m.
15 and Does 1 - 20, Inclusive,       )    Dept: 13
                                     )    Judge: Hon. Marilyn L. Huff
16          Defendants.              )
                                     )
17 _____   )

18        Plaintiff, Scott Cassell, hereby submits his memorandum of points and authorities in reply

19 to defendant SSUSA's opposition to plaintiff's motion for dismissal and remand of his civil suit

20 to the state court from whence it was removed, and for an award of costs, including attorney fees.

21              **O.  INCORPORATION OF ARGUMENT, ETC.**

22        Plaintiff incorporates as if fully set forth herein his pleadings, arguments and authorities

23 previously filed herein.

24              **I.  "SAYING IT (PLAINTIFF'S SUIT)**
                **DOES NOT 'ARISE UNDER WORKER**
25            **COMPENSATION LAWS,' DOES NOT MAKE IT SO"**

26
27        First, the common law negligence claim, (1) does not have a presumption of negligence;

28 _____

(2) does not prevent assertion of the defenses of contributory negligence and assumption of the risk, which may not be regulated or contracted away; (3) does not allow attorney fees to the prevailing plaintiff; (4) does not allow for prejudgment attachment of the defendant's property in aid of enforcement (compare Labor Code 3707 allowing same with Code of Civil Procedure Section 483.010 which permits attachment only as allowed by statute or contractual claims); (5) is not governed by the statute of limitation applicable to a statutory claim.

Contrary to SSUSA's argument, it is peculiarly relevant that Hall vs. Copco Pacific Ltd. (9th Cir.1955) 224 Fed.2d 884, 886, determined that the Labor Code 3706 claim is a "claim created by statute." The bright line test employed in the 8th Circuit and enunciated in Humphrey vs. Sequentia, Inc. 58 Fed.3rd 1238 (8thCir.1995), and as SSUSA concedes is adopted in the California federal courts, would and should conclude at that point that the Labor Code 3706 claim being created and defined by the California Code, is non-removable.

Second, SSUSA's argument fails to consider that the California worker compensation scheme derives from the **California Constitution** (not the common law), which Constitution vested the California Legislature with "**plenary power** ... to create and enforce a **complete system of workers' compensation**," and the Labor Code 3706 claim is a component part of that scheme. Specifically and conversely, *plaintiff has no claim for damages except as the California Constitution and Legislature have authorized under Labor Code 3706.*

In Texas (within the 5th Circuit), the worker compensation scheme permits the employer to maintain worker compensation insurance, in which event the employee will be limited to the no-fault scheme and a modicum of benefits. Or, the employer can "opt out" by not covering the employee, in which event (not unlike California), the employee is allowed to sue in the courts, certain defenses are not allowed, and all damages proximately caused are permitted. Figueroa vs.Heathmark Partners 125 F.Supp.2d 209, 210 (S.D.Tex.2000), involved an employee's injury suit for damages occasioned by the "opting out" uninsured employer who removed the action to federal district on the basis of diversity. After analyzing the comprehensive worker compensation scheme in Texas, Figueroa specifically and correctly ruled

that the employee's claim "arose under" the Texas Worker Compensation laws and therefore was not removable[1].  The comprehensive intent and scheme under California worker compensation law differs from Texas law in one critical point that warrants, a foritori, the conclusion that the Labor Code 3706 claim arises under the California Worker Comp laws – **an employer subjected to California worker comp laws cannot "opt out"** so as to merely permit the employee's lawsuit in the courts – it is a crime for an employer to be uninsured (Labor Code Section 3700.5, 3710.2)!

SSUSA's reference to the <u>Le Parc</u> case adds nothing to resolution of the operative issue here.  Simply because civil suit against the employer for damages is a different cause of action than an employee's claim for administrative benefits so as to preclude res judicata or collateral estoppel against the employee in his subsequent administrative claim for benefits, does not resolve whether the civil suit is any less a claim, "arising under the (California) worker compensation laws."  As demonstrated in the plaintiff's and SSUSA' previous authorities, there are civil claims arising under the worker compensation laws which are admittedly non-removable.

## II.  CONCLUSION

In light of the foregoing, this matter must be remanded and the attorney fees requested of plaintiff awarded.

Dated:  July 14, 2008

s/Steven Brian Davis, Esq.
**STEVEN BRIAN DAVIS**
Attorney for Plaintiff,
**SCOTT CASSELL**

---

[1]In accord, see <u>Illinois National Insurance Co. Vs. Hagendorf Construction Co.</u> 337 F.Supp.2d 902, 905 (W.D.Tex. 2004); <u>Smith vs. Tubal-Cain Industries, Inc.</u> 196 F.Supp.2d 421 (E.D.Tex. 2001); <u>Dean vs. Texas Teel Co.</u> 837 F.Supp. 212, 214 (N.D.Tex. 1993).

1  **STEVEN BRIAN DAVIS, ESQ., SBN 86163**
   LAW OFFICES OF STEVEN BRIAN DAVIS
2  Foremost Professional Plaza
   12396 World Trade Drive, Suite 115
3  San Diego, CA 92128

4  858-451-1004 Telephone
   858-451-1005 Facsimile
5  sbdesq@pacbell.net E-mail

6  Attorney for Respondent,
   **SCOTT CASSELL**

7

8

9              **UNITED STATES DISTRICT COURT**

10            **SOUTHERN DISTRICT OF CALIFORNIA**

11

12  SCOTT CASSELL,                )    Case No.: 08 CV 964 H NLS
                                  )
13           Plaintiff,           )
                                  )
14       vs.                      )    **PROOF OF SERVICE**
                                  )
15  SURVIVAL SYSTEMS USA,         )
    INC., a Connecticut Corporation,)
16  and Does 1 - 20, Inclusive,   )
                                  )
17           Defendants.          )    Hearing Date: 07/21/08
                                  )    Time: 10:30 a.m.
18  _____ )    Dept.: 13

19       I am the attorney of record for plaintiff with my office as above-referenced, am over the

20  age of 18 and not a party to this action.

21       On July 14, 2008, I served the following documents: **PLAINTIFF'S REPLY TO**

22  **DEFENDANT'S OPPOSITION TO PLAINTIFF'S  MOTION FOR REMAND**, on the

23  following parties by electronically filing the foregoing with the clerk of the District Court using

24  its ECF System, which electronically notified them: Jeffrey D. Lewin, Esq., Cynthia A. Fissel,

25  Esq., Sullivan, Hill, Lewin, Rez & Engel, A Professional Law Corporation, 550 West "C" Street,

26  Suite 1500, San Diego, CA 92101, 619-233-4100 telephone, 619-231-4372 facsimile,

27

28
_____
                        PROOF OF SERVICE

                   U.S.D.C.S.D. NO. 08 CV 964 H NLS

                                1

fissel@shlaw.com, garcia@shlaw.com E-mails.

I declare under penalty of perjury that the foregoing is true and correct according to the laws of the State of California,

Executed on July 14, 2008 at San Diego, CA.


s/Steven Brian Davis, Esq.
**STEVEN BRIAN DAVIS**
E-mail: sbdesq@pacbell.net