# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| SCOTT CASSELL,<br><br>                Plaintiff,<br>vs.<br><br>SURVIVAL SYSTEMS USA, INC., a Connecticut corporation; and DOES 1-20, inclusive,<br><br>                Defendant. | CASE NO. 08-CV-964 H (NLS)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER VENUE AND DENYING PLAINTIFF'S MOTION TO REMAND** |
|---|---|

On May 15, 2008, plaintiff Scott Cassell ("Plaintiff") filed an action against defendant Survival Systems USA, Inc. ("Defendant"), in the Superior Court of the State of California for the County of San Diego, Case No. 37-2008-00054392-CU-PO-NC. (Notice of Removal ¶ 1, Ex. A.) On May 30, 2008, Defendant removed the case to this Court. (Doc. No. 1.)

On June 23, 2008, Plaintiff filed a motion to remand this action to state court. (Doc. No. 4.) Defendant filed a response in opposition on July 7, 2008. (Doc. No. 8.) Plaintiff filed a reply on July 14, 2008. In addition to opposing Plaintiff's motion to remand, Defendant has filed a motion to dismiss or, alternatively, to transfer venue to the United States District Court for the District of Connecticut. (Doc. No. 3.) On July 7, 2008, Plaintiff filed a response in opposition. (Doc. No. 9.) Defendant filed a reply on July 14, 2008. (Doc. No. 11.)

The Court finds both motions suitable for resolution without oral argument pursuant to

1  the Court's discretion under Local Civil Rule 7.1(d)(1) and therefore vacates the hearing set
2  for July 21, 2008.  For the following reasons, the Court grants Defendant's motion to transfer
3  venue to the District of Connecticut under the parties' forum selection agreement.  The Court
4  denies Plaintiff's motion to remand.

**Background**

6        The complaint alleges that Plaintiff, a California resident, was employed by
7  Defendant, a Connecticut corporation, as an instructor of marine crash survival at Camp
8  Pendleton, California.  (See Compl. ¶¶ 1, 4.)  Plaintiff alleges that, on or about May 23,
9  2005, he was injured while retrieving some diving equipment in the course and scope of
10 employment.  (Id. ¶ 9.)  Plaintiff's complaint alleges that Defendant failed to secure
11 workers' compensation under California Labor Code § 3706.  (Id. ¶ 5.)

**Discussion**

13 **I.    Defendant's Motion to Dismiss or Transfer Venue**

14       Defendant seeks dismissal or, alternatively, transfer of venue to the District of
15 Connecticut, on the basis that Plaintiff and Defendant entered into an employment
16 agreement pursuant to which Plaintiff agreed to "submit to jurisdiction before any federal
17 court of record in the State of Connecticut, or in the state or county in which any violation
18 may occur, at the Employer's election."  (See Decl. of Maria C. Hanna ISO Def's Mot. to
19 Dismiss or Transfer ("Hanna Decl."), Ex. 1.)  The employment agreement also provided,
20 "[t]his agreement shall be construed by and construed in accordance with the laws of the
21 State of Connecticut and without reference to principles or conflicts of law thereof."  (Id.)
22       Pursuant to 28 U.S.C. § 1406(a) "[t]he district court of a district in which is filed a
23 case laying venue in the wrong division or district shall dismiss, or if it be in the interest of
24 justice, transfer such case to any district or division in which it could have been brought."
25 Where a contractual provision designates a mandatory forum, an action commenced in any
26 other forum may be dismissed for improper venue.  TAAG Linhas Aereas de Angola v.
27 Transamerica Airlines, Inc., 915 F.2d 1351, 1353 (9th Cir. 1990).  Alternatively, the case
28 may be transferred to a district in which venue is proper.  See 28 U.S.C. § 1406(a).

In this diversity case federal law governs the validity of the forum selection clause. TAAG Linhas Aereas de Angola, 915 F.2d at 1353. According to the Supreme Court, a "forum clause should control absent a strong showing that it should be set aside." M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 15 (1972); see Jones v. GNC Franchising, Inc., 211 F.3d 495, 497 (9th Cir. 2000) (party challenging forum selection clause "bears a heavy burden"). Therefore, the Court will enforce the clause unless the objecting party, Plaintiffs here, can "clearly show that enforcement would be unreasonable or unjust." M/S Bremen, 407 U.S. at 15; see Docksider, Ltd. v. Sea Technology, Ltd., 875 F.2d 762, 764 (9th Cir. 1989) ("[W]here venue is specified with mandatory language the clause will be enforced."). A forum selection clause is unreasonable if (1) its incorporation into the contract was the result of fraud, undue influence, or overweening bargaining power; (2) the selected forum is so gravely difficult and inconvenient that the complaining party will for all practical purposes be deprived of its day in court; or (3) enforcement of the clause would contravene a strong public policy of the forum in which the suit is brought. M/S Bremen, 407 U.S. at 15-18.

Here, the Court concludes that Plaintiff fails to satisfy his burden to "clearly show" that enforcement of the parties' forum selection agreement would be "unreasonable or unjust." M/S Bremen, 407 U.S. at 15. First, the Court concludes that Plaintiff has not established that the forum selection clause's incorporation into the parties' employment agreement "was the result of fraud, undue influence, or overweening bargaining power." Id. Although Plaintiff asserts that he was required to sign the agreement without discussion or negotiation, see Decl. of Scott Cassell ¶ 8, the Ninth Circuit has specifically held that such assertions, "even if accepted as true . . . [are] not enough to overcome the strong presumption in favor of enforcing forum selection clauses." Murphy v. Schneider National, Inc., 362 F.3d 1133, 1141 (9th Cir. 2004).

Second, the Court concludes that the parties' selected forum is not "so gravely difficult and inconvenient" that Plaintiff "will for all practical purposes be deprived of [his] day in court." M/S Bremen, 407 U.S. at 18. Plaintiff's declaration does not include any

1  assertion that litigating in the parties' chosen forum would be gravely inconvenient, nor has
2  Plaintiff provided any facts to support such a conclusion.  (See Decl. of Scott Cassell.)
3  Moreover, whatever inconvenience Plaintiff might suffer "by being forced to litigate in the
4  contractual forum as it was agreed to do was clearly foreseeable at the time of contracting."
5  M/S Bremen, 407 U.S. at 17-18.  In sum, the Court concludes that Plaintiff's showing on
6  this prong of the M/S Bremen standard is insufficient to avoid enforcement of the parties'
7  forum selection agreement.

8       Finally, the Court concludes that enforcement of the parties' forum selection clause
9  would not "contravene a strong public policy of the forum in which the suit is brought."
10  M/S Bremen, 407 U.S. at 18.  California courts routinely enforce forum selection clauses,
11  and the Court concludes that although California, like other jurisdictions, refuses to enforce
12  forum selection clauses that are "unfair or unreasonable," California has no public policy
13  against forum selection clauses generally.  See Olnick v. BMG Entertainment, 138 Cal.
14  App. 4th 1286, 1294 (2006) ("[I]f there is a mandatory forum selection clause, the test is
15  simply whether application of the clause is unfair or unreasonable, and the clause is usually
16  given effect.  Claims that the previously chosen forum is unfair or inconvenient are
17  generally rejected.").  Additionally, Plaintiff's appeal to California's public policy is
18  particularly unpersuasive in light of the parties' agreement that Plaintiff's employment
19  agreement is to be construed in accordance with the laws of Connecticut.  (See Hanna
20  Decl., Ex. 1.)

21       For the foregoing reasons, the Court concludes that the parties' forum selection
22  clause should be enforced.  The Court concludes that under the circumstances of this case
23  the interests of justice favor transfer of venue, as opposed to dismissal.  See 28 U.S.C.
24  § 1406(a).  Accordingly, the Court grants Defendant's motion to transfer this case to the
25  District of Connecticut.

26  **II.  Plaintiff's Motion to Remand to State Court**
27       This case initially was filed in California state court, and removed to this Court by
28  Defendant pursuant to the Court's diversity jurisdiction.  (See Doc. No. 1.)  The parties do

1  not dispute that diversity of citizenship exists and that the amount in controversy exceeds
2  $75,000.  See 28 U.S.C. §§ 1332, 1441.  Plaintiff contends that this action is made non-
3  removable by 28 U.S.C. § 1445, which provides: "A civil action in any State court arising
4  under the workmen's compensation laws of such State may not be removed to any district
5  court of the United States."  28 U.S.C. § 1445(c).

6       Although the Ninth Circuit has not specifically addressed this question, other
7  circuits have concluded that the phrase "arising under," for purposes of 28 U.S.C.
8  § 1445(c), has the same meaning as it does in 28 U.S.C. § 1331 governing federal question
9  jurisdiction.  See Reed v. Heil Co., 206 F.3d 1055, 1059 (11th Cir. 2000).  In the Ninth
10 Circuit, a claim "arises under" federal law for purposes of § 1331 if it involves a
11 determination "respecting the validity, construction or effect of such a law" and if the result
12 of the action depends on that determination.  Virgin v. County of San Luis Obispo, 201
13 F.3d 1141, 1143 (9th Cir. 2000).  The Court concludes that this standard is appropriate here
14 to determine whether Plaintiff's claim is one "arising under" California's workers'
15 compensation laws.  Accordingly, Plaintiff's claim arises under California's workers'
16 compensation laws only if Plaintiff's claim involves a determination respecting the validity,
17 construction or effect of California's workers' compensation laws and if it is necessary to
18 interpret those laws in order to resolve Plaintiff's claim.  See Harper v. AutoAlliance
19 Intern., Inc., 392 F.3d 195, 203 (6th Cir. 2004) ("Civil action 'arises under' a state
20 workmen's compensation law, making it nonremovable, when either (1) workmen's
21 compensation law created cause of action or (2) plaintiff's right to relief necessary depends
22 on resolution of substantial question of workmen's compensation law."); see also
23 Humphrey v. Sequentia, Inc., 58 F.3d 1238, 1245 (8th Cir. 1995); Jones v. Roadway
24 Express, Inc., 931 F.2d 1086, 1092 (5th Cir. 1991).

25      Here, the Court concludes that Plaintiff's claim is not one "arising under" the
26 workers' compensation laws of California within the meaning of 28 U.S.C. § 1445(c).
27 Plaintiff's claim is essentially one for personal injury, and Plaintiff asserts that claim
28 pursuant to a provision of the California Labor Code that specifically excludes such actions

1  from the exclusive remedy scheme of California's workers' compensation laws.  <u>See</u> Cal.
2  Lab. Code § 3706.  Although the California Labor Code includes sections providing for
3  specific procedures and burdens of proof applicable to actions under § 3706, the action
4  remains a common law personal injury action.  Plaintiff's right to relief is not created by
5  California's workers' compensation laws, and no determination under those laws is
6  necessary in order to decide Plaintiff's claim.  In fact, the California Labor Code provision
7  referenced by Plaintiff's complaint specifically excludes Plaintiff's claim from the statutory
8  scheme otherwise applicable to employees' injury claims: "If any employer fails to secure
9  the payment of compensation, any injured employee . . . may bring an action at law against
10 such employer for damages, <u>as if this division did not apply</u>."  Cal. Lab. Code § 3706
11 (emphasis added).  Quite the opposite of creating a statutory cause of action, section 3706
12 "is one of the principal exceptions to the [Workers' Compensation] Act's exclusive remedy
13 rule [and] authorizes an injured employee to pursue ordinary tort claims in the superior
14 court against an employer who does not carry insurance or has not otherwise secured the
15 payment of compensation."  <u>Le Parc Community Assn. v. Workers' Compensation Appeals</u>
16 <u>Bd.</u>, 110 Cal. App. 4th 1161, 1172 (2003).  "If the injured employee can show there is no
17 coverage, he or she is entitled to the full range of relief generally available in personal
18 injury actions if the injury was the result of the employer's negligence."  <u>Id.</u>
19       In light of the foregoing, the Court concludes that Plaintiff's action does not involve
20 a determination "respecting the validity, construction or effect" of California's workers'
21 compensation laws.  <u>See</u> <u>Virgin v. County of San Luis Obispo</u>, 201 F.3d at 1143.
22 California Labor Code § 3706 functions merely as a procedural mechanism that exempts
23 Plaintiff's claim from the exclusive remedy rule of California's Workers' Compensation
24 Act.  The provision does not create any substantive rights.  Accordingly, the Court
25 concludes that Plaintiff's claim for injuries allegedly caused by Defendant's negligence is
26 not a claim "arising under the workmen's compensation laws of" California within the
27 meaning of 28 U.S.C. § 1445(c).  Therefore, the Court denies Plaintiff's motion to remand
28 this action to state court.

**Conclusion**

For the reasons stated above, the Court grants Defendant's motion to transfer venue and orders that this action be transferred to the District of Connecticut. The Court denies Plaintiff's motion to remand this action to state court, as well as Plaintiff's request for an award of costs and attorney fees.

IT IS SO ORDERED.

DATED: July 17, 2008

*Marilyn L. Huff*
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT